Defendant-appellant Charlie Robinson appeals from the granting of plaintiff-appellee United Companies Lending Corporation's Motion for Summary Judgment in this mortgage foreclosure action on seal property located at 1407 East 112th Street, Cleveland, Ohio 44106 (permanent parcel no. 120-09-004). For the reasons adduced below, we dismiss the notice of appeal for lack of a final appealable order pursuant to Civ.R. 54 (B).
A review of the record on appeal indicates that the plaintiff filed its original Complaint on July 5, 1995. Attached to this pleading was a copy of a mortgage on the property in issue, executed on September 26, 1994, by plaintiff and his wife, Lula M. Robinson, and recorded on September 30, 1994.[1] Also attached to this pleading was a copy of a September 26, 1994 promissory note in favor of plaintiff, signed by Charlie Robinson, securing payment on the mortgage.
In light of the death of Mrs. Robinson, plaintiff filed an Amended Complaint on August 24, 1995. On September 27, 1995, defendants filed an Answer, Counterclaim, and Third-Party Complaint against Third-Party Defendant Reliable Builders, Inc.[2]
On October 2, 1995, plaintiff filed its Answer to the Counterclaim. On October 20, 1995, the third-party defendant filed its Answer.
On November 25, 1996, plaintiff filed its Motion for Summary Judgment which contained a host of evidence and testimony gleaned through discovery. On December 5, 1996, defendants filed a Brief in Opposition to Summary Judgment in which Mr. Robinson generally alleged that he did not sign the mortgage or the note, and that he did not receive any notice from plaintiff of the statutorily required right to cancel. No evidence, by affidavit or otherwise, was attached to this Brief in Opposition. Neither did this Brief in Opposition contain any citation to any legal authority. On December 18, 1996, plaintiff filed a Reply to the Brief in Opposition. On January 9, 1997, defendant filed a Response to the Reply.
On October 16, 1997, the trial court granted the Motion for Summary Judgment, finding in favor of plaintiff on the Complaint and Counterclaim, and noting that there was no just reason for delay. This ruling was appealed to this court on November 14, 1997. See Cuyahoga App. No. 73508. On December 19, 1997, this court dismissed the appeal number 73508 pursuant to Civ.R. 54 (B) because the order appealed from did not set forth a specific dollar amount or an order of sale.
On April 9, 1998, the magistrate at the trial court filed the partial judicial report. In the findings section of the report, the magistrate specifically made no finding on the Third-Party Complaint, continuing it until further order. See magistrate's report at 3. In the conclusion section of the report, the magistrate made no mention of the application of Civ.R. 54 (B) relative to the pending Third-Party Complaint. On May 15, 1998, the trial court, using a half-sheet status form entry in a partial judgment ruling, filed a final certificate of title and adopted the magistrate's decision, granting judgment for plaintiff in the amount of $34,429.28. See Journal Vol. 2215, pages 343-349. That status form partial judgment entry stated:
 The court hereby adopts the magistrate's decision attached hereto and incorporated herein. Final certificate of title filed.
 Judgment for plaintiff United Companies Lending in the sum of $34,429.28.
Decree for plaintiff United Companies Lending.
(Partial).
 /s/ Judith Kilbane Koch
Judge
Journal Volume 2215, page 343.[3]
Defendants filed the notice of appeal sub judice on June 1, 1998, from that judgment.
In analyzing the record on appeal, we note that Civ.R. 54 (B) expressly provides the following:
 (B) Judgment upon multiple claims or involving multiple parties.
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.
In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. (Italicization added.)
Civ.R. 54 (B) mandates that the court make "an express determination that there is no just reason for delay"; not a referee, magistrate, or any other bureaucratic functionary below the trial court judge whose recommendation to the court, in the form of a report, is merely adopted by reference by the judge. Such adoption and incorporation, standing alone, is insufficient to comply with the judge's duty under Civ.R. 54 (B). The trial court judge's entry fails to state such an express determination of no just reason for delay in the status form entry utilized by the trial court. Absent this express determination language appearing in the order of the judge, this appellate court is deprived of jurisdiction to entertain the appeal sub judice due to the order appealed from being a non-final order.
Notice of appeal dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TERRENCE O'DONNELL, P.J., and LEO M. SPELLACY, J., CONCUR.
 ___________________________________ JAMES D. SWEENEY JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2 (A) (1).
[1] Mrs. Robinson died on July 12, 1995. A suggestion of death was filed with the trial court on August 8, 1995.
[2] The Third-Party Complaint alleged a violation of Ohio's Consumer Sales Practices Act in an alleged breach of a home remodeling contract involving the property which is the subject of the foreclosure action.
[3] Under the judge's signature was the handwritten initials of the magistrate, Mr. Bucha.