JOURNAL ENTRY and OPINION
{¶ 1} Defendants Sandra Tutin, Edie Buchanan and David Corrado appeal from a summary judgment in favor of plaintiff Charter One Bank in a foreclosure matter. We are constrained to find that we lack a final, appealable order because there are outstanding claims under Civ.R. 54(B) and the court did not personally specify that there was no just reason for delay. We dismiss this appeal.
 {¶ 2} The court referred Charter One's motion for summary judgment to a magistrate for consideration. The magistrate decided that summary judgment should issue to Charter One on its foreclosure claim, but reserved ruling on similar claims asserted by the United States. The magistrate specified that there was no just reason for delay. Buchanan and Corrado objected to the magistrate's decision. By journal entry, the court overruled those objections and adopted the magistrate's decision, incorporating it by reference to the journal entry. The court did not make any Civ.R. 54(B) certification.
 {¶ 3} In United Companies Lending Corp. v. Robinson (1999),134 Ohio App.3d 96, 99-100, we addressed the issue of the court's adoption of a magistrate's decision without making an express certification of no just delay under Civ.R. 54(B):
 {¶ 4} "Civ.R. 54(B) mandates that the court make `an express determination that there is no just reason for delay;' not a referee, magistrate, or any other bureaucratic functionary below the trial court judge whose recommendation to the court, in the form of a report, is merely adopted by reference by the judge. Such adoption and incorporation, standing alone, is insufficient to comply with the judge's duty under Civ.R. 54(B). The trial court judge's entry fails to state such an express determination of no just reason for delay in the status form entry utilized by the trial court. Absent this express determination language appearing in the order of the judge, this appellate court is deprived of jurisdiction to entertain the appeal sub judice due to the order appealed from being a non-final order."
 {¶ 5} The court's journal entry approving and adopting the magistrate's decision did not make an express certification of no just delay under Civ.R. 54(B). Therefore, not all of the claims against all of the parties have been adjudicated. We therefore lack a final appealable order and must dismiss the appeal.
Appeal dismissed.
This appeal is dismissed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, J., concurs.
 Rocco, P.J., concurs with Separate Opinion.
 CONCURRING OPINION