{¶ 6} While I agree that the trial court's failure to find no just cause for delay precludes our review of this appeal, I write separately to note that this decision puts the appellants in an extremely difficult position. Ohio Supreme Court authorities have made clear that the order of foreclosure is the final order from which an appeal should be taken, that an appeal from an order of confirmation and distribution is untimely. Third Nat'l. Bank ofCircleville v. Speakman (1985), 18 Ohio St.3d 119; Oberlin Sav.Bank v. Fairchild (1963), 175 Ohio St.3d 311. Yet, if the foreclosure order does not determine the priorities of all lienholders and the amounts due to them, our decisions hold that an appeal from the foreclosure order is premature. United Cos.Lending Corp. v. Robinson (1999), 134 Ohio App.3d 96. The trial court can extricate the appellants from this quandary by finding no just reason for delaying an appeal of the foreclosure order here, even though the priority and amount of other liens has yet to be determined. However, if the court does not find "no just cause for delay," appellants may not have a determination of the priority and amount of the liens until the court confirms the sale and orders distribution of the proceeds, and any attempt to appeal from that order will require them to distinguishCircleville and Oberlin before their appeal will be heard.