JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants David Corrado (Corrado) and Edie Buchanan (Buchanan) (collectively appellants) appeal the trial court's granting summary judgment to plaintiff-appellee Charter One Bank (Charter One) in this foreclosure action. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} In September of 1993, Buchanan and Sandra Tutin purchased a home together, financing the mortgage through Cuyahoga Savings Association. On April 10, 1998, Corrado, who is an attorney licensed to practice law in the state of Ohio, recorded a $25,000 lien against the mortgaged property in question. In October of 1998, Cuyahoga Savings Association merged with Charter One, and Charter One remained as the surviving corporate entity. In April of 2000, Buchanan and Tutin stopped making their mortgage payments, and on November 3, 2000, Charter One filed a foreclosure complaint against Buchanan, Tutin and Corrado.
 {¶ 3} On February 20, 2001, Corrado filed an answer to the complaint. On April 12, 2001, Charter One filed a supplemental complaint, naming the United States of America as a new party defendant, because Charter One discovered that the United States held a tax lien against the mortgaged property in question. On April 30, 2001, the United States filed an answer to the supplemental complaint. Finally, on August 15, 2001, Buchanan filed her answer, and to this date, Tutin has not made an appearance in the case at hand. *Page 4 
 {¶ 4} On March 13, 2002, Charter One went through a conversion, which is essentially a name change allowing the bank to operate under a different federal regulatory scheme. According to United States Comptroller of the Currency Corporate Decision #2002-06, Charter One Bank, F.S.B., converted to a national bank, assuming the name Charter One Bank, National Association.
 {¶ 5} After lengthy discovery battles regarding the foreclosure, the magistrate held a hearing on January 9, 2004 regarding Corrado's motion to show cause as to why Charter One was not producing certain requested documents. The magistrate denied Corrado's motion, finding that Charter One brought all the requested documents to the hearing and that any prior delay was not prejudicial to Corrado, as the court granted him additional time to review the newly acquired documents and respond to Charter One's summary judgment motion.
 {¶ 6} On February 12, 2004, Corrado filed a motion to strike Charter One's supplemental complaint, arguing that the supplemental complaint was really an amended complaint in disguise and that Charter One never obtained leave of court to file an amended complaint, as required by Civ.R. 15(A). This motion was never ruled on by the trial court; however, a June 10, 2004 docket entry reflects the magistrate's decision to grant Charter One's summary judgment motion, finding that from the evidence submitted, reasonable minds could conclude only that Charter One "is entitled to judgment and a decree of foreclosure." *Page 5 
 {¶ 7} Corrado and Buchanan appealed this decision, and after twice dismissing their appeal for lack of a final appealable order, we are now able to review this case on its merits. See Charter One Bank v. SandraTutin (July 14, 2004), Cuyahoga App. No. 84938; Charter One Bank v.Sandra Tutin, Cuyahoga App. No. 86556, 2006-Ohio-1361.
 II {¶ 8} In their first assignment of error, appellants argue that "the trial court erred as a matter of law in determining that all of the necessary parties to the action were served with the summons and were properly before the court and in allowing the plaintiff's supplemental complaint to be of record, all of which [are due process violations]." Specifically, appellants argue that Charter One's supplemental complaint was not properly before the court because Charter One failed to obtain leave to file it as required by Civ.R. 15(A). We note that appellants' brief does not address service of the summons; accordingly, we will ignore the first portion of their assignment of error.
 {¶ 9} First, appellants argue that Charter One's April 12, 2001 filing was an amended complaint governed by Civ.R. 15(A), because it named a new party and changed all of the allegations of the original complaint, rather than a supplemental complaint, which avers facts that occurred after the original filing date and is governed by Civ.R. 15(E). However, a careful reading of both Charter One's original complaint and its supplemental complaint reveals that the only difference between the *Page 6 
two is the addition of the United States as a new party defendant. Appellants' argument that Charter One "drastically chang[ed] the allegations" in the complaint is simply untrue. Appellants offer no examples, explanations or evidence of how the two complaints differ other than the addition of a new party defendant. This is because there are no other differences.
 {¶ 10} Second, appellants argue that the new complaint was filed without leave of court, therefore, the court lacked jurisdiction to rule on it. Appellants first raised this argument in their February 12, 2004 motion to strike Charter One's supplemental complaint — almost three years after Charter One filed its supplemental complaint on April 12, 2001. Charter One concedes the fact that it did not obtain leave of court before filing its new complaint; however, Charter One urges us to consider any resulting error harmless, as appellants suffered no prejudice.
 {¶ 11} In Calex Corp. v. USW (2000), 137 Ohio App.3d 74, 79, the Seventh District Court of Appeals of Ohio held the following:
 "* * * the pleading which Calex insisted was an `amended complaint' is actually a supplemental complaint. At worst, Calex misidentified its pleading. How such an insignificant error prejudiced appellants is not evident from their brief, from the record, or any logical application of legal theory. Civ.R. 15 permits a litigant to change a pleading to adjust to factual changes. Whether such changes are made pursuant to Civ.R. 15(A) or 15(E) is inconsequential so long as the recipient of the changed complaint receives adequate notice, has a reasonable opportunity to respond, and is not otherwise prejudiced. Therefore, appellants contend that this appellate tribunal should seize such error as a reason for finding their assignment to be meritorious. The fatal flaw in their argument, however, is the simple fact that all errors which *Page 7 
may occur in a trial do not inescapably lead to a finding that the error was prejudicial."
 {¶ 12} In the instant case, appellants received notice of the supplemental complaint, had ample time to respond, and did, in fact, file a motion to strike the supplemental complaint almost three years after the fact. The trial court did not rule on this motion, which has the effect of it being denied. We also note that the February 24, 2005 magistrate's decision detailing the court's granting Charter One's summary judgment motion references both the complaint and supplemental complaint. Assuming for argument's sake that the supplemental complaint was stricken from the record, the court could have granted Charter One's summary judgment motion based on the facts set forth in the original complaint.
 {¶ 13} Accordingly, we find that the court did not err when proceeding to judgment based on Charter One's new complaint, or in the alternative, if the court did err, it was harmless because appellants offer no plausible argument of prejudice, and summary judgment could have been granted based on Charter One's original complaint. Appellants' first assignment of error is overruled.
 III {¶ 14} In their second assignment of error, appellants argue that "the trial court erred in granting the plaintiff's motion for summary judgment where there was a genuine issue of fact regarding whether the plaintiff was the real party in interest." First, appellants argue that Charter One lacks standing to bring this lawsuit because it *Page 8 
is not the holder of the note and mortgage in question. Appellants "hang their hat" on Charter One's response to an interrogatory inquiring about the history of the mortgage in question, in which Charter One "admits" that it is unable to locate the loan history prior to October of 1998 when it acquired Cuyahoga Savings Association.
 {¶ 15} We find appellants' argument to be without merit. Charter One presented documentation that Cuyahoga Savings Association was the original mortgage holder, Charter One Bank, F.S.B., acquired and became the successor to Cuyahoga Savings pursuant to R.C. 1701.82, and Charter One Bank, F.S.B. changed its name to Charter One Bank, National Association. Appellants presented no evidence to refute this chain of events proving that Charter One is the real party in interest, and they presented no evidence to suggest who, if not Charter One, held the mortgage in question. In fact, a careful review of the record shows that appellants presented no evidence whatsoever.
 {¶ 16} Appellants next argue that Charter One is not the real party in interest because it is "not a legal entity with standing to sue in the courts of the state of Ohio." Specifically, appellants argue that Charter One did not register to conduct business in the state of Ohio pursuant to R.C. 1329.01 and 1329.10, or in the alternative, Charter One did not provide sufficient proof why it had the right to bypass these state statutory requirements. Essentially, appellants argue that Charter One does not legally exist. *Page 9 
 {¶ 17} It is well settled that federal law preempts state regulation of federal financial institutions. See, e.g., Fid. Fed. Sav. LoanAssn. v. de la Cuesta (1982), 458 U.S. 141; 12 C.F.R. 545.2;12 U.S.C. 371(a). As stated earlier, Charter One presented evidence approving its application to convert to a national bank. Appellants' only argument against this federal documentation is that it does not exist. However, the documentation does exist and was made part of the record for our review. Given this, appellants' second assignment of error is overruled.
 IV {¶ 18} In their third assignment of error, appellants argue that "the trial court erred in granting summary judgment in favor of the plaintiff where the mortgage deed allegedly held by the plaintiff, Charter One Bank F.S.B., is defective and not valid against defendant Corrado's mortgage." Specifically, appellants argue that "where a bank mortgage is notarized by an employee of the bank the mortgage is not valid as to a subsequent properly executed and recorded mortgage." As support for this argument, appellants cite Amick v. Woodworth (1898), 58 Ohio St. 86. However, even a cursory reading of Amick reveals that appellants' reliance on this case is misplaced. Amick stands for the proposition that a party to a mortgage may not witness and act as notary on that same mortgage.
 {¶ 19} In the instant case, the record shows that a nonparty to the mortgage in question notarized the document, therefore, appellants' third assignment of error is overruled. *Page 10 
 V {¶ 20} In their fourth and final assignment of error, appellants argue that "the trial court erred in granting the plaintiff's motion for summary judgment where its decision was based on evidence not properly before the trial court." Specifically, appellants argue that Charter One submitted inadmissible hearsay as evidence that, at times, amounted to perjury; thus, it was error for the court to grant summary judgment based on this evidence.
 {¶ 21} Appellants base this argument on the affidavit of Cathy Lequin, who is a vice-president of Charter One Mortgage, which is a subsidiary of Charter One. Appellants first point to paragraph two of the affidavit, which states, "the copy of the notes and the mortgage attached hereto are true and accurate copies of the original instruments bearing the signatures of Sandra L. Tutin and Edie Buchanan." Appellants argue that Lequin was not qualified to "authenticate" Buchanan and Tutin's signatures on the mortgage, as Lequin was not present when the mortgage was executed. However, appellants both misconstrue and misrepresent Lequin's statement. Paragraph two merely states that the copy of the mortgage is a true and accurate copy of the original. We find this statement to be neither hearsay nor perjury. A sampling of the remainder of appellants' petty subarguments under this assignment of error are as follows: Lequin's affidavit being inadmissible because Charter One does not exist; Lequin engaging in the unauthorized practice of law by testifying that Charter One is the holder of the mortgage in question; Lequin's affidavit *Page 11 
being inadmissible because it does not reflect what state or county it was made in; and Lequin's affidavit being inadmissible because the notary date is August 7, 2003 but the facsimile time-stamp date is August 4, 2003. Without further ado, we summarily rule that appellants made no rational argument that any of Charter One's evidence was inadmissible. Appellants' final assignment of error is without merit.
 {¶ 22} In conclusion, the merits of this case are simple — Charter One has the superior interest in the property in question as a result of the foreclosure proceedings. The court's granting Charter One's summary judgment motion is affirmed.
Judgment affirmed.
It is ordered that appellee recovers from appellants costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., PRESIDING JUDGE
 CHRISTINE T. MCMONAGLE, J., and ANN DYKE, J., CONCUR *Page 1