[Cite as *Faraj v. Qasem*, 2016-Ohio-3261.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 103374

---

# ALI FARAJ

PLAINTIFF-APPELLEE

vs.

# HAMDI QASEM, ET AL.

DEFENDANT-APPELLEES

[Appeal by Samir Mohammed
Defendant-Appellant]

---

**JUDGMENT:**
DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-794741

**BEFORE:** Stewart, J., E.T. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** June 2, 2016

**ATTORNEY FOR APPELLANT**

Monica E. Russell
McFadden & Freeburg Co., L.P.A.
6690 Beta Drive, Suite 320
Mayfield Village, OH 44143


**ATTORNEYS FOR APPELLEES**

**For Ali Faraj**

Jason D. Hochman
Thomas A. Barni
Dinn, Hochman & Potter, L.L.C.
5910 Landerbrook Drive, Suite 200
Mayfield Heights, OH 44124

**For Hamdi Qasem**

Nicholas E. Longauer
43 East Bridge Street, Suite 101
Berea, OH 44107

**Also listed:**

209 E. Bridge, L.L.C.
Statutory Agent
3900 Woodland Avenue
Cleveland, OH 44115

3585 L.L.C.
WDW Agent Svcs Inc., Statutory Agent
1220 West Sixth Street, Suite 660
Cleveland, OH 44113

MELODY J. STEWART, J.:

**{¶1}** Defendant-appellant Samir Mohammed appeals from the court's refusal to grant him relief from a default judgment entered against him and in favor of plaintiff-appellee Ali Faraj. We lack a final order and must dismiss this appeal.

**{¶2}** This case involves Faraj's action against multiple defendants, including Mohammed, on a promissory note and a demand for foreclosure on property used as collateral on the note. A magistrate granted Faraj default judgment and money damages against Mohammed and other defendants who are not parties to this appeal. The magistrate's decision certified that there is "no just reason for delay," most likely because a claim made against the Cuyahoga County Fiscal Officer (denominated in the complaint as the "County Treasurer") remained for adjudication. Mohammed objected to the magistrate's decision. The court approved and adopted the magistrate's decision, but without including the "no just reason for delay" language in its judgment entry. Mohammed filed a Civ.R. 60(B) motion for relief from judgment, but the court denied the motion. Faraj then filed a Civ.R. 41(A)(1) notice that he was voluntarily dismissing without prejudice "all defendants."

**{¶3}** After briefing had been completed, we asked the parties to file supplemental briefs on two issues: (1) whether the court's failure to include the Civ.R. 54(B) "no just reason for delay" language in its order adopting the magistrate's decision to grant default judgment meant that the default judgment was not final for purposes of Civ.R. 54(B); and (2) if the default judgment was not a final order, whether Faraj's July 15, 2015 notice of voluntary dismissal of "all defendants" operated as a dismissal of the nonfinal default judgment entered against appellant Samir Mohammed.

**{¶4}** As an appellate court, our jurisdiction applies only to "final" judgments or orders of lower courts. *See* Article IV, Section 3(B)(2) of the Ohio Constitution; *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). An order is considered "final" if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1).

**{¶5}** As used in R.C. 2505.02(B)(1), the word "action" refers to all claims asserted against all parties. *See* Civ.R. 54(B) ("In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties * * *.") The court may, however, make final what would otherwise be nonfinal by certifying that "there is no just reason for delay." *Id.*; *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).

{¶6} The magistrate's decision contained the Civ.R. 54(B) certification, but the court's judgment entry approving the magistrate's decision did not. This means that the default judgment entered against Mohammed was nonfinal. We addressed this same issue in *Charter One Bank v. Tutin*, 8th Dist. Cuyahoga No. 86556, 2006-Ohio-1361, where we held that a court's judgment entry approving and adopting a magistrate's decision without an express certification of no just reason for delay under Civ.R. 54(B) did not create a final order because not all of the claims against all of the parties had been adjudicated. *Id*. at ¶ 5. *See also United Cos. Lending Corp. v. Robinson*, 134 Ohio App.3d 96, 99, 730 N.E.2d 423 (8th Dist.1999) (court's adoption of a magistrate's decision finding no just reason for delay without incorporating the certification language into the judgment entry adopting the magistrate's decision is "insufficient to comply with the judge's duty under Civ.R. 54(B).").

**{¶7}** Although the default judgment was nonfinal, Mohammed asked the court to grant him relief from it under Civ.R. 60(B). The court had no authority to grant relief from a nonfinal judgment or order because Civ.R. 60(B), by its own terms, applies only to a "final judgment, order, or proceeding[.]" In *Harper v. MetroHealth Med. Ctr.*, 8th Dist. Cuyahoga No. 81048, 2002-Ohio-5861, we considered a similar issue where the court granted summary judgment to less than all defendants in a case and failed to certify no just reason for delay. Instead of appealing, the aggrieved party filed a motion for relief from judgment. After the court refused to grant relief from judgment, an appeal followed. We held that the motion for summary judgment was not final (the court did certify that there was no just reason for delay), so the court could not grant relief from judgment. *Id*. at ¶ 5. *See also Hadassah v. Schwartz*, 1st Dist. Hamilton No. C-110699, 2012-Ohio-3910, ¶ 10 (finding that trial court could not entertain a Civ.R. 60(B) motion for relief from judgment from a nonfinal default judgment).

**{¶8}** The same applies here. Even though the court in this case purported to deny relief from the default judgment for substantive reasons, its ruling was nonetheless correct because the court had no authority under Civ.R. 60(B) to grant relief from a nonfinal default judgment. *Fifth Third Bank v. Rose*, 4th Dist. Gallia Nos. 07CA8 and 07CA9, 2008-Ohio-3919, ¶ 12 ("Civ.R. 60(B) is not the proper procedural device a party should employ when seeking relief from a non-final order.").

**{¶9}** Having established that the default judgment was nonfinal, we have to consider this added wrinkle: after the court denied Mohammed relief from judgment, Faraj filed a notice of voluntary dismissal without prejudice against "all Defendants." By stating that the dismissal was directed towards "all" defendants, that dismissal included Mohammed and all other defendants against whom interlocutory judgments had been entered. *Hutchinson v. Beazer E., Inc*., 8th Dist. Cuyahoga No. 86635, 2006-Ohio-6761, ¶ 32 ("We have consistently followed [the] view that a voluntary dismissal of the entire case, pursuant to Civ.R. 41(A), dissolves all prior interlocutory orders made by the trial court in that action * * *."); *Charles Gruenspan Co., L.P.A. v. Thompson*, 8th Dist. Cuyahoga No. 77276, 2000 Ohio App. LEXIS 4783 (Oct. 12, 2000) (recognizing that a voluntary dismissal, without prejudice, dissolves all interlocutory orders).

**{¶10}** The notice of voluntary dismissal terminated the entire case, including the interlocutory default judgment against Mohammed. There is no case presently before us to consider on appeal. No matter how unintentional, it appears that Faraj threw the baby out with the bath water.

**{¶11}** Appeal dismissed.

It is ordered that appellees recover of said appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR