[Cite as *Sanctuary Condominium Assn., Inc. v. Castro*, 2018-Ohio-3561.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106008

---

# SANCTUARY CONDOMINIUM ASSOCIATION INC.

**PLAINTIFF-APPELLEE**

vs.

# CHRISTINE E. CASTRO

**DEFENDANT-APPELLANT**

---

## JUDGMENT:
### DISMISSED

---

Civil Appeal from the
Garfield Heights Municipal Court
Case No. CVF 1501354

**BEFORE:** Laster Mays, J., Kilbane, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 6, 2018

**ATTORNEYS FOR APPELLANT**

William C. Behrens
Marc E. Dann
Dannlaw
P.O. Box 6031040
Cleveland, Ohio 44103

Grace Mary Doberdruk
3401 Enterprise Parkway, Suite 340
Beachwood, Ohio 44122


**ATTORNEYS FOR APPELLEE**

Lindsey A. Wrubel
Steven M. Ott
Ott & Associates Co. L.P.A.
1300 E. Ninth Street, Suite 1520
Cleveland, Ohio 44114

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Christine E. Castro ("Castro"), appeals the judgment of the Garfield Heights Municipal Court awarding plaintiff-appellee, Sanctuary Condominium Association, Inc. ("Sanctuary"), a sum for unpaid maintenance fees, assessments, and expenses (collectively "Sanctuary Assessments") and attorney fees due under the Sanctuary homeowners' association agreement ("Sanctuary HOA"). The suit followed a 2012 foreclosure suit by Sanctuary against Castro's condominium ("Castro Unit") where the proceeds of sale of the Castro Unit were insufficient to cover Sanctuary's claims.[1] We dismiss the appeal for lack of jurisdiction.

I. Summary

{¶2} On June 2, 2015, Sanctuary filed a complaint against Castro in the Garfield Heights Municipal Court seeking a personal judgment for $8,577.45 for the post-petition Sanctuary Assessments and legal fees. Sanctuary claimed that there were no proceeds available for distribution from the foreclosure sale of the Castro Unit to satisfy the judgment.

{¶3} On October 21, 2015, the trial court denied Castro's motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6). Castro argued the action was barred by res judicata because Sanctuary waived its right to recover a personal judgment in the

---

[1] *Sanctuary Condominium Assn. v. Castro*, Cuyahoga C.P. No. CV-12-796999.

underlying foreclosure case. The case proceeded to a trial before the magistrate on May 2, 2016.

**{¶4}** On October 25, 2016, the magistrate rejected Castro's arguments that Sanctuary's claims were barred by the doctrines of res judicata, judicial estoppel, and collateral estoppel. A decision was rendered in favor of Sanctuary for $5,467.45 in post-petition for the Sanctuary Assessments, costs, and interest, but the court rejected Sanctuary's claim for $3,110.00 in attorney fees, finding them to be excessive.

**{¶5}** Castro filed objections on March 10, 2017, and in the body of the objection, requested leave to file supplemental objections upon issuance of the transcript. Without ruling on the motion for leave to supplement the objections, the trial court overruled the objections on March 24, 2017, cancelled a scheduled hearing, and adopted the magistrate's decision.

**{¶6}** On March 28, 2017, Castro filed a renewed motion for leave to supplement the objections, attaching the supplemental objections and trial transcript. The trial court granted the motion on March 29, 2017, and directed Sanctuary to respond within 14 days of the entry.

**{¶7}** Castro filed a notice of appeal with the Garfield Heights Municipal Court appealing the March 24, 2017 judgment entry overruling the objections and adopting the magistrate's decision. Castro argues the filing was taken as a precautionary measure to preserve her appellate rights because the entry had not been reversed or vacated in spite of the March 29, 2017 entry allowing the supplemental objections. The appeal was

electronically filed on April 25, 2017 with the Garfield Heights court, but was received by this court on May 12, 2017 and dismissed sua sponte for failure to timely appeal pursuant to App.R. 4(A). *Sanctuary Condominium Assoc. Inc. v. Castro*, Cuyahoga C.P. No. CA-17-105772.[2]

{¶8} On June 13, 2017, Castro requested that the trial court issue a final ruling on the supplemental objections. Castro argued that a ruling was required to create a final appealable order and because execution on the judgment was automatically stayed pending a final judgment pursuant to Civ.R. 53(D)(4)(e)(I). Sanctuary filed a motion to strike Castro's request or, in the alternative, opposing the request. Sanctuary argued that it had not been served with the motion for leave to file the supplemental objections or the notice of appeal and that it only discovered the filings during a random review of the docket.

{¶9} On June 20, 2017, the trial court issued an entry overruling the supplementary objections, and agreed to issue a separate entry setting a hearing on the request for sanctions filed by Sanctuary. On July 6, 2017, Castro appealed the June 20, 2017 decision. The trial court cancelled any future hearings including regarding Sanctuary's request for sanctions and recused itself from further proceedings, citing an inability to be fair and impartial.

---

[2] Castro offers that the appeal was a nullity due to the March 29, 2017 journal entry granting leave to file the supplemental objections.

{¶10} The instant notice of appeal challenges the June 20, 2017 judgment entry overruling the supplemental objections.[3] We find that this court lacks jurisdiction to entertain the appeal.

{¶11} The trial court issued a final judgment entry on March 24, 2017 granting judgment to Sanctuary to this case. The judgment entry rejected the objections filed by Castro on March 10, 2017 and adopted the magistrate's decision. This is true notwithstanding Castro's request for leave to supplement the objections that was included in the March 10, 2017 filing. The judgment entry renders contains the language "[t]here is no just reason for delay" as mandated by Civ.R. 54(B).[4] A notice of appeal was filed on April 25, 2017. On May 22, 2017, this court sua sponte dismissed the appeal for untimeliness pursuant to App.R. 4(A).

{¶12} Compliance with App.R. 4(A) is a jurisdictional requirement and where a notice of appeal is not timely filed, the court of appeals has no jurisdiction to entertain the appeal. *Agee v. Cty. of Cuyahoga*, 8th Dist. Cuyahoga No. 103464, 2016-Ohio-2728, ¶ 3, citing *Wells Fargo Bank, N.A. v. Fields*, 8th Dist. Cuyahoga Nos. 101814 and 101985,

---

[3] Sanctuary offers that the notice of appeal in this case was untimely filed pursuant to App.R. 4(A) because the judgment in issue on appeal was rendered on March 24, 2017. We find that the appeal of the June 20, 2017 judgment entry that overruled the supplemental objections was timely filed. *See* App.R. 4(B)(2)(c) providing that the time for filing a notice of appeal begins to run after the objections have been resolved. *See Selinsky Force, LLC v. Roseman Constr. LLC*, 5th Dist. Stark No. 2012-CA-00160, 2013-Ohio-1231.

[4] Failure to include the Civ.R. 54(B) certification deprives an appellate court of jurisdiction to entertain an appeal. *Charter One Bank v. Tutin*, 8th Dist. Cuyahoga No. 86556, 2006-Ohio-1361, ¶ 4.

2015-Ohio-4580, ¶ 14; *Bounce Props., L.L.C. v. Rand*, 8th Dist. Cuyahoga No. 92691, 2010-Ohio-511, ¶ 6.

**{¶13}** Castro's argument that the trial court's March 29, 2017 determination to allow Castro to file supplemental objections effectively vacated the March 24, 2017 final judgment is incorrect. Once the trial court adopted the magistrate's decision and entered a final judgment, jurisdiction ended. "The trial court did not regain jurisdiction to consider the [supplemental] objections by virtue of [the appellate court's] dismissal of [appellant's] appeal because the trial court's judgment" from March 24, 2017 "was still valid and controlling." *Napier v. Cieslak*, 12th Dist. Butler No. CA2014-12-242, 2015-Ohio-2574, ¶ 8. In fact, Castro admitted during the oral arguments in this case to filing the notice of appeal as a precaution because the trial court had not technically vacated the March 24, 2017 judgment.

**{¶14}** Castro did not challenge the dismissal by seeking reconsideration, file an appeal to the Ohio Supreme Court, or seek to vacate the judgment in the trial court via Civ.R. 60(B). Thus, any ruling by the trial court following the March 24, 2017 judgment was a nullity and may not be reviewed on appeal. *Akin v. Bushong*, 10th Dist. Franklin No. 17AP-107, 2017-Ohio-7333, ¶ 8, citing *Levy v. Ivie*, 195 Ohio App.3d 251, 2011-Ohio-4055, 959 N.E.2d 588 (10th Dist.); *In re L.J.G.*, 11th Dist. Trumbull No. 2012-T-0014, 2012-Ohio-5228, ¶ 11-12; *Zaryki v. Breene*, 9th Dist. Summit No. 27968, 2016-Ohio-7086, ¶ 20. Castro may not file post-dispositive motions in the trial court to

circumvent filing an untimely appeal. *Rundle v. Rundle*, 123 Ohio App.3d 304, 306, 704 N.E.2d 56 (8th Dist.1997).

**{¶15}** This court lacks jurisdiction to consider the appeal and it is hereby dismissed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY