[Cite as *Kebe v. Bush*, 2019-Ohio-4976.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

ANNE M. KEBE,                              :

    Plaintiff-Appellant,              :

                                    No. 107969

v.                                          :

LATASHIA JENKINS BUSH,                     :

    Defendant-Appellee.              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 5, 2019

---

Civil Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2017 CVG 1759

---

***Appearances:***

Mike Heller Law, L.L.C., and Michael A. Heller, *for appellant.*

The Legal Aid Society of Cleveland, and Hazel G. Remesch and Matthew D. Vincel, *for appellee.*

LARRY A. JONES, SR., J.:

{¶ 1} Plaintiff-appellant Anne Kebe ("Kebe") appeals the trial court's decision to deny her motion for relief from judgment. For the reasons that follow, we affirm.

{¶ 2} This appeal stems from an eviction action filed in Cleveland Municipal Court, Housing Division, initiated by Kebe against her former tenant, defendant-appellee Latasha Bush ("Bush"). In February 2017, Kebe filed a complaint against Bush for forcible entry and detainer, seeking possession of rental premises located on Fleet Avenue in Cleveland and money damages for alleged damage to the property, unpaid rent, and unpaid utility bills.

{¶ 3} The trial court subsequently dismissed the forcible entry and detainer action. Bush filed an answer and counterclaim for wrongful withholding of her security deposit. In January 2018, a magistrate presided over a trial. On January 26, 2018, the magistrate issued its decision, finding that Bush was entitled to judgment on Kebe's claims and Kebe was entitled to judgment on Bush's counterclaim. The same day the trial court adopted the magistrate's decision. The judgment entry did not specify the judgment amount for each party.

{¶ 4} On February 12, 2018, Kebe filed objections to the magistrate's decision. Bush moved to strike the objections as untimely filed. The trial court granted Bush's motion to strike, agreeing that Kebe's objections to the magistrate's decision were untimely filed. In March, Kebe filed a motion for relief from judgment, which the trial court denied.

{¶ 5} Kebe filed a notice of appeal. *Kebe v. Bush*, 8th Dist. Cuyahoga No. 107146. This court sua sponte dismissed the appeal:

> When the court adopts, rejects or modifies a magistrate's decision it must also enter a judgment. The judgment entry must contain a clear pronouncement of the court's judgment and a statement of relief must

be a complete document separate and apart from that of the magistrate's order. In this matter, the trial court adopted the magistrate's decision, but failed to state the amount of the judgment for each party. Thus, the entry does not contain a clear pronouncement of the court's judgment. Consequently, the order in not a final appealable order and is dismissed.

*Id.* (Motion No. 518722).

{¶ 6} Kebe subsequently filed a motion for reconsideration, which this court denied. *Id.* (Motion No. 523261). Kebe then filed a motion with the trial court requesting the court issue a final judgment entry. In October 2018, the trial court granted judgment to Bush on Kebe's claims in the amount of "$0" and judgment to Kebe on Bush's counterclaim in the amount of "$0." Kebe did not file a motion for relief from judgment from the trial court's judgment. Instead, Kebe filed the instant appeal, raising 11 assignments of error for our review. *See* Appendix.

{¶ 7} In the first assignment of error, Kebe claims that the trial court erred in striking her objections to the magistrate's decision.

{¶ 8} Our standard of review for a motion to strike is whether the trial court abused its discretion by granting or denying the motion. *Abernethy v. Abernethy*, 8th Dist. Cuyahoga No. 81675, 2003-Ohio-1528, ¶ 7. An abuse of discretion is more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 9}** The magistrate's decision was filed on January 26, 2018. Pursuant to Civ.R. 53, Kebe had 14 days from the date the magistrate's decision was filed to file her objections. Civ.R. 53(D)(3)(b)(i). Thus, Kebe had until February 9, 2018, to file her objections. Kebe did not file her objections until February 12, 2018; therefore, her objections were untimely filed.

**{¶ 10}** "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Civ.R. 53(D)(5) does allow a court to grant an extension for a party to file objections to a magistrate's decision, but Kebe never sought such an extension.

**{¶ 11}** Kebe claims that the 14-day time period in which she had to file her objections should have been extended by Civ.R. 6(D). Civ.R. 6(D) provides parties an additional three days for responses in some instances, but the rule "does not extend the time for filing objections to a magistrate's decision." *Duganitz v. Ohio Adult Parole Auth.*, 92 Ohio St.3d 556, 557, 751 N.E.2d 1058 (2001), citing *Pulfer v. Pulfer*, 110 Ohio App.3d 90, 92-93, 673 N.E.2d 656 (3d Dist.1996). *See also Harvey v. Hwang*, 103 Ohio St.3d l6, 2004-Ohio-4112, 812 N.E.2d 1275, ¶ 17 (holding that Civ.R. 6(D) is applicable to time periods that commence upon the service of a notice on a party, not when a time deadline is initiated by the filing or entry of a judgment); *Lumbog v. Suansing*, 9th Dist. Summit No. 29135, 2019-Ohio-1871 (finding Civ.R. 6(D) does not extend the time for filing objections to a magistrate's decision).

{¶ 12} Kebe claims that the holding in *Pulfer* is wrong and should be overturned. This court does not have the authority to overturn the holding of another appellate district (we could, however, disagree with that district). This court is, however, bound by the Ohio Supreme Court's holding in *Duganitz*, which clearly states that Civ.R. 6(D) does not extend the time for filing objections to a magistrate's decision.

{¶ 13} Kebe further contends that the trial court erred in failing to consider the reply brief she filed in response to Bush's motion to strike. There is no evidence in the record, however, that the trial court did not consider her reply brief.

{¶ 14} Because Kebe failed to timely file her objections to the magistrate's decision, the trial court did not abuse its discretion in granting Bush's motion to strike.

{¶ 15} Accordingly, the first assignment of error is overruled.

{¶ 16} In the second assignment of error, Kebe claims that the trial court erred when it denied her Civ.R. 60(B) motion for relief from judgment.

{¶ 17} "By its own terms," Civ.R. 60(B) applies only to a "final judgment, order, or proceeding[.]" *Faraj v. Qasem*, 8th Dist. Cuyahoga No. 103374, 2016-Ohio-3261, ¶ 7. In *Kebe*, 8th Dist. Cuyahoga No. 107146, this court dismissed Kebe's previous appeal, finding that the trial court did not have jurisdiction to rule on Kebe's Civ.R. 60(B) motion because the court had not issued a final judgment:

> Sua sponte, the appeal is dismissed per R.C. 2505.02. When the court adopts, rejects or modifies a magistrate's decision, it must also enter a judgment. The judgment entry must contain a clear pronouncement of

the court's judgment and a statement of relief must be a complete document, separate and apart from that of the magistrate's order. In this matter, the trial court adopted the magistrate's decision, but failed to state the amount of the judgment for each party. Thus, the entry does not contain a clear pronouncement of the court's judgment. Consequently, the order is not a final appealable order and is dismissed. *In re: Zinni*, 8th Dist. Cuyahoga No. 89599, 2008-Ohio-581. Although appellant is appealing from the denial of the motion for relief from judgment, Civ.R. 60(B) requires that a motion for relief only applies to "final judgment order, or proceeding." Because the underlying order was not final, the trial court did not have jurisdiction to rule on the motion for relief from judgment. *See Harper v. MetroHealth Ctr.*, 8th Dist. Cuyahoga No. 81048, 2002-Ohio-586; *Faraj v. Qasem*, 8th Dist. Cuyahoga No. 103374, 2016-Ohio-3261, P7. Appeal is dismissed for lack of a final appealable order.

*Id.* (Motion No. 519722).

{¶ 18} After dismissing her appeal, Kebe filed a motion for reconsideration of the appeal, which this court denied. *Id.* (Motion No. 523261). Kebe also filed a motion with the trial court for it to issue a final judgment. In October 2018, the trial court issued a final judgment, awarding each party $0. Kebe did not filed a Civ.R. 60(B) motion for reconsideration from the trial court's October 2018 final judgment. Instead, Kebe filed the instant appeal.

{¶ 19} Therefore, because Civ.R. 60(B) is not the proper procedural device a party should employ when seeking relief from a nonfinal order and because Kebe did not file a Civ.R. 60(B) motion once the trial court issued its final order, this assignment of error is not properly before this court.[1]

{¶ 20} The second assignment of error is overruled.

---

[1] Even if the trial court did have jurisdiction to rule on Kebe's motion, the trial court would not have abused its discretion in denying the motion because Kebe could not show that she was entitled to relief.

{¶ 21} The third through eleventh assignments of error challenge the magistrate's findings. The assignments of error mirror the objections to the magistrate's decision and, as already discussed, Kebe failed to timely object to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv) provides:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶ 22} Since Kebe did not timely object to the magistrate's decision, she is barred from assigning on appeal the trial court's adoption of that decision. *See Watson v. Chapman-Bowen*, 8th Dist. Cuyahoga No. 101295, 2014-Ohio-5288, ¶ 17 ("Thus, because Chapman-Bowen did not object to the magistrate's decision in accordance with Civ.R. 53, we are barred from addressing her assignments of error because they all directly challenge the findings and conclusions made by the magistrate.").

{¶ 23} The plain-error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. *King v. Cleavenger*, 5th Dist. Stark No. 2017CA00008, 2017-Ohio-7973, ¶ 12. To constitute plain error in a civil case, the error must be "obvious and prejudicial" and "if permitted, would have a material adverse effect on the character and public confidence in judicial proceedings."

*Friedland v. Djukic*, 191 Ohio App.3d 278, 2010-Ohio-5777, 945 N.E.2d 1095, ¶ 37 (8th Dist.).

{¶ 24} We have reviewed the entire record, including the transcripts of the hearing and the exhibits submitted by the parties, and do not find that any plain error occurred in the trial court's adoption of the magistrate's decision.

{¶ 25} The remaining assignments of error are overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

ANITA LASTER MAYS, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR

<u>Appendix</u>

<u>Appellant's Assignments of Error</u>

I. The trial court erred/abused its discretion in striking plaintiff's objections.

II. The trial court erred in denying plaintiff's motion for relief from judgment.

III. Trial court's findings of fact were lacking and incomplete in analysis of witnesses, testimony, and relevant facts.

IV. Trial court erred in not awarding damages to plaintiff for defendant's failure to pay sewer and water bills.

V. Trial court erred in not awarding damages to plaintiff for defendant's failure to pay for security alarm servicing.

VI. Trial court erred in not awarding damages to plaintiff for defendant's damages to the rental unit beyond normal wear and tear.

VII. Trial court erred in holding that "The confusing and uncertain facts in this case do not support a judgment for either party."

VIII. Trial court erred and abused its discretion in reciting purported habits and tools of accountants and erred in the conclusions thereof.

IX. Trial court erred in holding that "the testimony of … plaintiff's property manager took the form of 'fixed snapshots in time.'"

X. The Trial court's finding of lack of credibility on the part of plaintiff's property manager witness was biased and skewed by trial court's unfounded and arbitrary opinions and generalizations about accountants, and therefore prejudiced the plaintiff.

XI. Decision is/was against the manifest weight of the evidence.