[Cite as *In re J.H.*, 2024-Ohio-5477.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE J.H., IV | : | |
| | : | No. 113380 |
| A Minor Child | : | |
| | : | |
| [Appeal by the Guardian ad Litem] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; DISMISSED IN PART
**RELEASED AND JOURNALIZED:** November 21, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU15109880

*Appearances:*

McCarthy, Lebit, Crystal & Liffman Co., L.P.A., Lawrence
R. Acton, and Richard A. Rabb, *for appellee.*

Jonathan Z. Wilbur, Esq., LLC and Jonathan Z. Wilbur,
*for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant-guardian ad litem, Jonathan Wilbur ("GAL"), appeals from the juvenile court's judgment entry awarding him fees and allocating the payment of his fees between appellee-Father and the Mother of J.H., IV. After reviewing the facts of the case and pertinent law, we dismiss, in part, the GAL's appeal for lack of jurisdiction and affirm, in part.

## I. Relevant Procedural History

{¶ 2} This case stems from a postdecree motion filed in the juvenile court by Father seeking to modify a shared parenting plan for J.H., IV.

{¶ 3} On July 8, 2020, Wilbur was appointed to serve as GAL for J.H., IV. On December 13, 2021, he filed a motion for an award of GAL fees. On November 22, 2022, the case proceeded to a five-day trial. The GAL's involvement with the case ended on November 28, 2022. On May 18, 2023, the GAL filed a motion to allocate his fees solely to Father and the trial court set a hearing on that motion for May 25, 2023.

{¶ 4} The GAL testified that he expended 254.9 hours working this case and, at his rate of $200 an hour, he had fees totaling $50,980. He further testified that the fees were reasonable and necessary due to the complexity of the case. Mother and Father stipulated that the GAL's time and effort were appropriate and neither disputed the GAL's fees.

{¶ 5} On August 29, 2023, the trial court issued a journal entry finding the GAL's fee of $50,980 was reasonable and necessary and that an appropriate allocation between the parties was to split payment of the fee equally between Mother and Father. The trial court ordered Father to pay half of the fees and ordered Mother's half of the fee to be reduced to $1,500. The court then granted the GAL's motion to award fees and denied the GAL's motion to allocate fees solely to Father.

{¶ 6} Eight days later, on September 6, 2023, the GAL filed a motion for findings of fact and conclusions of law. On September 11, 2023, the GAL also filed

a motion requesting the trial court issue a nunc pro tunc entry for the August 29, 2023 journal entry.

{¶ 7} On October 20, 2023, the trial court denied the GAL's motion for findings of fact and conclusions of law and denied his motion for a nunc pro tunc entry.

{¶ 8} On November 17, 2023, the GAL filed his notice of appeal of the trial court's August 29, 2023 and October 20, 2023 journal entries.

{¶ 9} On appeal the GAL raises two assignments of error for our review:

> **Assignment of Error 1:** The trial court's August 29, 2023 order (Docket Entry 753) forgiving mother A.E.'s (hereinafter, "Mother") portion of GAL fees in full after finding that the Guardian ad Litem's fees were "reasonable and necessary," is not consistent with Cuyahoga County Court of Common Pleas Juvenile Division Local Rule 15(D)(6) which mandates that "An order for payment of Guardian ad Litem fees shall be a joint and several judgment." The Court's ruling resulted in a reduction of the overall award for GAL fees in the amount of $23,990 that were earned over a period of 31 months. Trial Judge further abused her discretion by not allocating GAL fees pursuant to the parties' income percentages as set forth on line 16 of the Child Support Guideline Worksheet which was proposed by the trial judge and verbally agreed to by the parties during the May 25, 2023 hearing. (Transcript 5/25/23; Docket Entry)

> **Assignment of Error 2:** In its October 20, 2023 Journal Entry (Docket Entry 758) the trial court improperly denied GAL's September 6, 2023 Motion for Findings of Fact and Conclusions of Law (Docket Entry 754) per Rule 29 of the Juvenile Rules of Civil Procedure and Civil Procedure Rule 52.

{¶ 10} This court sua sponte ordered the GAL to brief the issue of whether his current appeal was timely since the initial judgment which he was appealing was journalized on August 29, 2023. This court ordered the GAL to address whether his requests for finding of facts and conclusions of law and for a judgment nunc pro tunc

tolled the time to file his notice of appeal from the court's August 29, 2023 judgment. The GAL filed his supplemental brief on September 3, 2024, and appellee-Father filed his brief in opposition on September 10, 2024.

## II. Law and Analysis

### a. GAL's First Assignment of Error

{¶ 11} In his first assignment of error, the GAL appeals the trial court's August 29, 2023 journal entry. We find the GAL's appeal of the August journal entry was not timely filed and this court does not have jurisdiction to hear his first assignment of error.

{¶ 12} App.R. 4(A)(1) provides that "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(B)(2) allows for tolling of the time to appeal from the final order with the filing of certain timely and appropriate postjudgment motions. *Moore v. Schill*, 2019-Ohio-349, ¶ 26 (8th Dist.). Specific to this case, App.R. 4(B)(2)(d) provides that if a party files a request for findings of fact and conclusions of law under Civ.R. 52, "if timely and appropriate," "then the time for filing a notice of appeal from the judgment or final order in question begins to run as to all parties when the trial court enters an order resolving" the findings of fact and conclusions of law. To determine whether the GAL's request for findings of fact and conclusions of law was timely and appropriate, we must consider Civ.R. 52. *Theriot v. Hetrick,* 2020-Ohio-6995, ¶ 16 (8th Dist.). In this case we find that the GAL's request for findings of fact and conclusions of law was untimely.

{¶ 13} Civ.R. 52 provides that when questions of fact are tried by a court without a jury, "the court shall state in writing the [findings] of fact found separately from the conclusions of law," *upon the timely made request* of one of the parties to the action. *State ex rel. Perry v. Fuerst*, 1988 Ohio App. LEXIS 1069, at *3 (8th Dist. 1988). Civ.R. 52 further requires that, to be timely, such a request be made not later than seven days after the party filing the request has been given notice of the court's announcement of its decision. *Id.*; *see also Venable v. Venable*, 1978 Ohio App. LEXIS 10493, at *8 (8th Dist.) (June 29, 1978) ("Civil Rule 52 states that a party has seven days in which to file a request for findings of fact and conclusions of law.").

{¶ 14} Under Ohio law, the GAL had seven days after the trial court's August 29, 2023 journal entry to timely file his motion for findings of fact and conclusions of law. That means he had until September 5, 2023 to file the motion. It is undisputed that the GAL did not file his motion until September 6, 2023, eight days after the court's journal entry. Because the GAL's motion for findings of fact and conclusions of law was untimely filed, the time to file his notice of appeal was not tolled and the GAL's notice of appeal is similarly untimely as to the August 29, 2023 journal entry. As such, the GAL had 30 days after the trial court's August 29, 2023, journal entry, or until September 28, 2023, to file his notice of appeal of that journal entry and he did not file it until November 17, 2023.

{¶ 15} "It is a basic principle that the failure to file the requisite notice of appeal within the 30-day period deprives the court of jurisdiction to consider an

appeal in a civil matter." *In re A.R.*, 2020-Ohio-5005, ¶ 16 (8th Dist.), citing *In re H.F.*, 2008-Ohio-6810. Compliance with App.R. 4(A) is a jurisdictional requirement and where a notice of appeal is not timely filed, the court of appeals has no jurisdiction to entertain the appeal. *Sanctuary Condominium Assn. v. Castro*, 2018-Ohio-3561, ¶ 12 (8th Dist.). Here, the GAL's failure to timely file his notice of appeal as to the August 29, 2023 journal entry divests this court of jurisdiction to hear his first assignment of error.

{¶ 16} Wherefore, this court lacks jurisdiction to consider the GAL's first assignment of error and this aspect of the appeal is dismissed in part.

### b. GAL's Second Assignment of Error

{¶ 17} The GAL argues in his second assignment of error that the trial court erred in its October 20, 2023 journal entry denying his motion requesting findings of fact and conclusions of law. This assignment of error was timely appealed and is addressed on the merits.

{¶ 18} We review the court's denial of a motion for findings of fact and conclusions of law under the abuse-of-discretion standard. *In re M.R.*, 2021-Ohio-3012, ¶ 18 (5th Dist.), citing *Sayre v. Furgeson*, 2016-Ohio-3500 (3d Dist.). In *In re M.R.*, the appellate court found the trial court did not abuse its discretion in denying a party's motion for findings of fact and conclusions of law because the motion was not timely. *In re M.R.* at ¶ 19 ("We find the trial court did not abuse its discretion in denying Grandmother's request for findings of fact and conclusions of law pursuant to Civil Rule 52, because her request was not timely.")

{¶ 19} We find the trial court did not abuse its discretion in denying the GAL's untimely motion for findings of fact and conclusions of law. The GAL's motion, as discussed above, was untimely filed and thereby the court was well within its discretion to deny the untimely motion.

{¶ 20} We, therefore, overrule the GAL's second assignment of error.

{¶ 21} This appeal is dismissed as to the first assignment of error and affirmed as to the second assignment of error.

It is ordered that the appellant bear the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
ANITA LASTER MAYS, J., CONCUR