**LEVY, Appellant,**

v.

**IVIE et al., Appellees.**

[Cite as *Levy v. Ivie*, 195 Ohio App.3d 251, 2011-Ohio-4055.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–1185.

Decided Aug. 16, 2011.

Kevin O'Brien & Associates Co., L.P.A., and Kevin J. O'Brien, for appellant.
James C. Lee, for appellee Teresa L. Ivie.

Sadler, Judge.

{¶ 1} Appellant, Robert K. Levy, appeals from a journal entry issued by the Franklin County Court of Common Pleas on June 18, 2010, which he construes as a judgment dismissing his creditor's bill against appellee, Teresa L. Ivie. As explained below, we dismiss this appeal for lack of jurisdiction.

{¶ 2} On May 11, 2007, appellant filed a creditor's bill in the Franklin County Court of Common Pleas. According to the complaint, appellant had obtained an $82,764.51 judgment against Ivie based on Ivie's default on a cognovit note that she executed to purchase appellant's company, Confidential Court Services, L.L.C., d.b.a. Confidential Interlock ("Confidential"). Claiming that Ivie did not have sufficient personal or real property subject to levy on execution to satisfy the judgment, appellant's complaint sought an order making Ivie's interest in Confidential subject to satisfaction of the judgment.

{¶ 3} After Ivie answered the complaint, the trial court referred the case to a magistrate. On April 15, 2008, Ivie filed a notice announcing that she had recently petitioned for Chapter 7 bankruptcy in the United States District Court for the Southern District of Ohio. The trial court, acknowledging the automatic

stay imposed by the bankruptcy court, placed the case on inactive status until the conclusion of the bankruptcy proceedings.

{¶ 4} On September 8, 2008, appellant notified the trial court that Ivie was discharged from bankruptcy on July 31, 2008. After the trial court reactivated the case, the magistrate held a hearing on November 18, 2008. At the conclusion of the hearing, the magistrate ordered the parties to file supplemental memoranda explaining whether appellant's creditor's bill could perfect a lien on Ivie's interest in Confidential. The parties submitted their memoranda on November 25, 2008. The magistrate then ordered Ivie to submit proof that her obligation to appellant had been discharged in bankruptcy. Ivie provided additional information on December 10, 2008.

{¶ 5} In a decision filed on December 10, 2008, the magistrate found that Ivie presented sufficient information to prove that her debt was discharged in bankruptcy and ordered that the case be dismissed with prejudice. The trial court adopted the magistrate's decision on December 18, 2008; however, on that same day, appellant filed a motion asking the magistrate to issue findings of fact and conclusions of law. Appellant did not pursue an appeal from the trial court's December 18, 2008 judgment.

{¶ 6} On October 28, 2009, after appellant personally inquired about the status of his December 18, 2008 request for findings of fact and conclusions of law, the magistrate filed a decision denying that request. The magistrate found appellant's request to be untimely under Civ.R. 53(D)(3)(a)(ii), as it was filed over seven days after the magistrate's decision dated December 10, 2008. Additionally, given that the trial court had already dismissed the case on December 18, 2008, the magistrate stated that appellant's only avenue to challenge that judgment would have been a timely appeal.

{¶ 7} Appellant filed an objection on November 9, 2009. At the outset, appellant purported to object to the magistrate's October 28, 2009 decision denying his request for findings of fact and conclusions of law. He argued that Civ.R. 6(E) afforded him an additional three days to file his December 18, 2008 request. However, after challenging the magistrate's ruling on the timeliness of his request, appellant went on to argue the merits of the magistrate's initial decision to dismiss the creditor's bill. Appellant's objection concluded by asking the trial court to "reject the Decision of the Magistrate recommending that the instant case be dismissed."

{¶ 8} On June 18, 2010, the trial court filed a journal entry in response to appellant's objections. In its entry, the trial court declared appellant's request for findings of fact and conclusions of law to be a nullity, stating that "none were necessary, or even possible, and had no effect on the finality of the dismissal." Then, without expressly adopting the magistrate's decision or overruling appel-

lant's objections, the trial court's entry concluded: "As all legal issues were decided long ago, this entry is the court's last word on the subject."

{¶ 9} Appellant now appeals from the June 18, 2010 entry, raising the following assignment of error:

> The trial court erroneously dismissed the plaintiff's creditor's bill on account of the defendant's bankruptcy even though the plaintiff was a secured creditor and could proceed against Teresa Ivie and Confidential Court Services in rem.

{¶ 10} Appellant construes the trial court's June 18, 2010 journal entry as a final order dismissing his creditor's bill. Before we can address appellant's assignment of error, we must determine whether we have jurisdiction to hear the appeal.

{¶ 11} Pursuant to Civ.R. 53(D)(3)(b)(i), a party may file objections to a magistrate's decision within 14 days of the filing of the decision, "whether or not the court has adopted the decision during that fourteen-day period." Civ.R. 53(D)(4)(e)(i) states that the timely filing of objections to the magistrate's decision operates as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. If no objections are timely filed, App.R. 4(A) allows a party to file a notice of appeal within 30 days after the trial court enters its judgment adopting the magistrate's decision. See also App.R. 4(B)(2).

{¶ 12} Here, the magistrate filed her decision to dismiss the case on December 10, 2008, and the trial court adopted that decision on December 18, 2008. Appellant did not object within 14 days after the filing of the magistrate's decision, as permitted by Civ.R. 53(D)(3)(b)(i), nor did he pursue a timely appeal in accordance with App.R. 4(A). Although he requested findings of fact and conclusions of law from the magistrate on December 18, 2008, only "a timely request for findings of fact and conclusions of law" tolls the 14–day time period for objecting to a magistrate's decision. Civ.R. 53(D)(3)(b)(i). Pursuant to Civ.R. 53(D)(3)(a)(ii) such requests "shall be made before the entry of a magistrate's decision or within seven days after the filing of a magistrate's decision." Thus, to toll the 14–day time period for objecting to the magistrate's December 10, 2008 decision, appellant was required to file his request for findings of fact and conclusions of law by December 17, 2008, seven days after the filing of the decision.

{¶ 13} Appellant argued below that the seven-day time period for requesting findings of fact and conclusions of law was extended by Civ.R. 6(E), which grants a party three additional days to perform an action that is required "within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail." We disagree.

{¶ 14} The Supreme Court of Ohio has consistently recognized that Civ.R. 6(E) applies only to time periods that are triggered by the *service* of a notice or other paper. See *Duganitz v. Ohio Adult Parole Auth.* (2001), 92 Ohio St.3d 556, 557, 751 N.E.2d 1058 (Civ.R. 6(E) does not apply to Civ.R. 53(D)(4)(a), which permits a party to object within 14 days after the *filing* of a magistrate's decision); *Harvey v. Hwang*, 103 Ohio St.3d 16, 2004-Ohio-4112, 812 N.E.2d 1275, syllabus. Under Civ.R. 53(D)(3)(a)(ii), however, the time period for requesting findings of fact and conclusions of law is triggered by the filing of a magistrate's decision and not service of the decision. Appellant filed his request for findings of fact and conclusions of law on December 18, 2008—one day after the seven-day deadline had expired. Therefore, because no other rule-day extensions applied, appellant's request for findings of fact and conclusions of law was untimely, and it did not toll the time for objecting to the magistrate's December 10, 2008 decision.

{¶ 15} Without a timely objection to the magistrate's decision, the trial court's December 18, 2008 final judgment remained in full effect. As a result, the trial court lacked jurisdiction to rule on appellant's untimely November 9, 2009 objections in its journal entry filed on June 18, 2010. "[U]ntimely objections filed after the entry of a final judgment are tantamount to a motion for reconsideration, which is a nullity." *Murray v. Goldfinger*, 2d Dist. No. 19433, 2003-Ohio-459, 2003 WL 203587, ¶ 5, citing *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 379, 21 O.O.3d 238, 423 N.E.2d 1105. "Moreover, '[i]t follows that a judgment entered on a motion for reconsideration is also a nullity and a party cannot appeal from such a judgment.' " *Rutan v. Collins*, 10th Dist. No. 03AP–36, 2003-Ohio-4826, 2003 WL 22100145, ¶ 7, quoting *Primmer v. Lipp*, 5th Dist. No. 02–CA–94, 2003-Ohio-3577, 2003 WL 21525474, ¶ 7.

{¶ 16} Accordingly, had the trial court purported to rule on the objection in its June 18, 2010 journal entry, any such ruling would have been a nullity and therefore unreviewable on appeal. See, e.g., *In re J.A.M.*, 12th Dist. No. CA2010–07–174, 2011-Ohio-668, 2011 WL 497200, ¶ 15 (after a final judgment has already been entered, an appellate court has no jurisdiction to review a trial court's decision purporting to " 'overrule' appellant's untimely objections and re-adopt the magistrate's decision"); *Stamper v. Keatley*, 4th Dist. No. 04CA14, 2004-Ohio-5430, 2004 WL 2283590, ¶ 9 (because the trial court had already entered a final judgment terminating the case, no appellate jurisdiction to review the trial court's second order purporting to dismiss the appellant's untimely objections). Under App.R. 4(A), appellant could have appealed within 30 days after the trial court entered its judgment on December 18, 2008. Because he did not pursue an appeal within that time, we lack jurisdiction to address his assignment of error now. See *In re J.A.M.* at ¶ 16; *Stamper* at ¶ 9.

{¶ 17} Based on the foregoing, we lack jurisdiction to hear this appeal. Accordingly, this appeal is dismissed.

Appeal dismissed.

KLATT and CONNOR, JJ., concur.