[Cite as *Learning Tree Academy, Ltd. v. Holeyfield*, 2014-Ohio-2006.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| THE LEARNING TREE ACADEMY, LTD., | : | |
| Plaintiff-Appellant, | : | CASE NO.   CA2013-10-194 |
| | : | O P I N I O N |
| - vs - | | 5/12/2014 |
| | : | |
| JENNIFER M. HOLEYFIELD, et al., | : | |
| Defendants-Appellees. | : | |

CIVIL APPEAL FROM BUTLER COUNTY AREA III COURT
Case No. CVF 1001497

Joseph R. Matejkovic, 8050 Beckett Center Drive, Suite 214, West Chester, Ohio 45069, for plaintiff-appellant

Graydon Head & Ritchey LLP, Steven P. Goodin, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202, for defendants-appellees, Jennifer M. & Steven Holeyfield


        **PIPER, J.**

        {¶ 1}   Plaintiff-appellant, The Learning Tree Academy, LTD., (Learning Tree), appeals a decision of the Butler County Area III Court granting a motion of Jennifer and Steven Holeyfield, permitting them to file untimely objections to the magistrate's decision.[1]

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for the purpose of issuing this written opinion.

{¶ 2} Steven Holeyfield is in the military, and was stationed for a time near Butler County before the family moved to Florida in December 2011. He and Jennifer sent their children to Learning Tree for day-care while the family lived in Ohio. Part of Learning Tree's fees was to be paid by an organization that provides assistance to military families in paying day-care expenses. However, the Holeyfields had an unpaid balance for services provided by Learning Tree from January 2009 to August 2010, and Learning Tree sued the Holeyfields for the outstanding balance.

{¶ 3} The matter progressed to a bench trial before a magistrate, where Learning Tree was represented by counsel and the Holeyfields proceeded pro se. The Holeyfields argued that they had paid their part of the expenses and that the organization that assisted military families was responsible for paying the remaining balance. The magistrate, however, determined that the Holeyfields had failed to perform their duty under the contract and owed Learning Tree $4,397. The magistrate issued its decision on December 14, 2011 recommending judgment in favor of Learning Tree.

{¶ 4} On January 12, 2012, the trial court issued a judgment entry which adopted the magistrate's decision. The trial court's decision stated that neither party had filed objections to the magistrate's decision, and further entered judgment against the Holeyfields for $4,397 in favor of Learning Tree. Also on January 12, 2012, the Holeyfields filed an objection to the magistrate's decision. On January 13, 2012, the trial court issued a notice to the parties that it had received the Holeyfields' objection to the magistrate's decision, and that such was not filed timely within 14 days of the magistrate's decision date. The trial court noted that "judgment on this case has already been rendered, therefore if you still wish to object, an appeal will have to be filed." The trial court sent the Holeyfields the proper paperwork and instructions for filing an appeal.

{¶ 5} On February 24, 2012, the Holeyfields, by and through counsel, filed a notice of

appeal with this court. After Learning Tree filed a motion to begin garnishment proceedings, the Holeyfields filed a motion to stay the wage garnishment and soon thereafter, filed a Civ.R. 60(B) motion to set aside the judgment of the trial court. The Holeyfields argued that once Steven was stationed in Florida, the family's quick move there did not permit time enough to provide the court with their new address before the magistrate's decision was released. The Holeyfields asserted that their move to Florida occurred in December 2011, and that they consequently did not receive a copy of the magistrate's decision in time to file objections within the 14-day timeframe.

{¶ 6} On June 18, 2012, the trial court issued a decision and entry granting a stay of the garnishment proceedings and sua sponte converted the Holeyfields' Civ.R. 60(B) motion into one requesting leave of court to file untimely objections to the magistrate's decision. The court granted the Holeyfields leave to file objections to the magistrate's decision out of time.

{¶ 7} On July 3, 2012, this court dismissed with prejudice the Holeyfields' appeal after they gave this court notice of their intent to voluntarily dismiss their appeal. On July 18, 2012, Learning Tree filed its own appeal to this court, challenging the trial court's entry staying the garnishment and converting the Holeyfields' Civ.R. 60(B) motion into one requesting leave of court to file objections out of time.

{¶ 8} On August 3, 2012, the Holeyfields filed their objections to the magistrate's decision, as permitted by the trial court. Learning Tree filed several responses to the Holeyfields' objections, one of which moved the court to suspend proceedings pending its appeal to this court. The trial court granted Learning Tree's motion, and stayed the proceedings.

{¶ 9} On December 17, 2012, this court issued a judgment entry reversing the trial court's decision for lack of jurisdiction. *The Learning Tree Academy, Ltd. v Holeyfield*, 12th Dist. Butler No. CA2012-07-144 (Dec.17, 2012) (Accelerated Calendar Judgment Entry).

- 3 -

Within our entry, this court noted that the trial court's decision to convert the Holeyfields' Civ.R. 60(B) motion was made at a time when the Holeyfields' original appeal was still pending and had not yet been dismissed. Given that a trial court does not have jurisdiction to rule on a motion while an appeal is pending, this court reversed the trial court's decision and remanded the issue.

{¶ 10} Approximately ten months after the remand, on October 9, 2013, the trial court issued an entry granting the Holeyfields leave to file objections to the magistrate's decision out of time. The trial court noted that it was adopting the reasoning set forth in its June 18, 2012 decision, and incorporated the analysis as if fully rewritten. The Holeyfields filed their objections once more with the trial court. Learning Tree now appeals the trial court's decision to convert the Holeyfields' Civ.R. 60(B) motion into a motion for leave to file objections out of time, raising the following assignment of error.

{¶ 11} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT WHEN IT SET ASIDE THE JUDGMENT.

{¶ 12} Learning Tree argues in its assignment of error that the trial court erred by converting the Holeyfields' Civ.R. 60(B) motion into one for leave to file objections to the magistrate's decision.

{¶ 13} According to Civ.R. 53(D)(3)(b)(i), a party has 14 days to file objections to the magistrate's decision. However, Civ.R. 53(D)(5) provides that "for good cause shown, the court shall allow a reasonable extension of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision."

{¶ 14} The civil rules further permit a trial court to allow the parties an extension of time in certain circumstances. Civ.R. 6(B) provides,

> when by these rules or by a notice given thereunder or by order
> of court an act is required or allowed to be done at or within a
> specified time, the court for cause shown may at any time in its

discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *.

{¶ 15} "While Civ.R. 6(B)(2) permits a court to extend the time prescribed by the civil rules for performing an act upon a showing of excusable neglect, that rule 'contemplates a request for an extension of time to do an act which is made *before* the court rules on the matter the act concerns.'" *Stamper v. Keatley*, 4th Dist. Lawrence No. 04CA14, 2004-Ohio-5430, ¶ 7 quoting *Miller v. Smith*, 2d Dist. Montgomery No. 19958, 2004-Ohio-1310, ¶ 13. (Emphasis sic.)[2]

{¶ 16} Once a trial court makes a final judgment on the matter, the civil rules permit a party to seek relief from that final judgment only through a motion notwithstanding the verdict (Civ.R. 50[B]), a motion for a new trial (Civ.R. 59), or a motion for relief from judgment (Civ.R. 60[B]). *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379-380 (1981). Otherwise, a trial court lacks jurisdiction to rule upon motions that request relief from a final judgment already rendered. *Murray v. Goldfinger, Inc.*, 2d Dist. Montgomery No. 19433, 2003-Ohio-459, ¶ 5; *Koberstein v. Richard Lumber*, 5th Dist. Richland No. 03-CA-110, 2004-Ohio-5291, ¶ 7.

{¶ 17} Once the trial court received the Holeyfields' Civ.R. 60(B) motion, it had jurisdiction to consider their request for relief from judgment. It did not, however, have jurisdiction to permit objections to the magistrate's decision when the magistrate's decision was adopted and already made a final judgment by the trial court. *See In re J.A.M.*, 12th Dist. Butler No. CA2010-07-174, 2011-Ohio-668, ¶ 15 (finding that the trial court's jurisdiction "terminated" once it entered a final judgment in the matter, and therefore did not have jurisdiction to consider a party's untimely objections to the magistrate's decision).

---

2. Similarly, a trial court has the discretion to sua sponte consider objections filed after the 14-day time limit of Civ.R. 53(D) *so long as the trial court has not entered a final judgment. Mitchell v. Haynes*, 7th Dist. Mahoning No. 00CA117 (Aug.30 2001). Such consideration will be treated as the court implicitly granting leave to file late objections. *Id.*

{¶ 18} The trial court entered a *final judgment* against the Holeyfields on January 12, 2012, after the 14-day window had closed during which the Holeyfields were permitted to file objections. When the trial court received an objection from the Holeyfields on the same day it adopted the magistrate's decision and entered the final judgment in favor of Learning Tree, the trial court issued a notice to the parties that the time for objections had passed and that the proper way for the Holeyfields to challenge the final judgment was to file an appeal. Once the trial court entered the final judgment against the Holeyfields, it did not have jurisdiction to convert their Civ.R. 60(B) motion into one permitting objections to the magistrate's decision out of time.

{¶ 19} Upon remand, the trial court has jurisdiction to consider the Holeyfields' motion as it was originally filed according to Civ.R. 60(B). Regarding the motion, the Holeyfields are required to demonstrate that they are entitled to relief from judgment, as set forth in well-established case law and the applicable civil rules.[3]

{¶ 20} Learning Tree argues against a remand for consideration of the Holeyfields' motion for relief from judgment because the Holeyfields cannot use their Civ.R. 60(B) motion as a substitute for a direct appeal. "While a Civ.R. 60(B) motion may not be used as a substitute for a timely appeal, it may be used when the movant's arguments do not merely raise arguments which concern the merits of the case and could have been raised on appeal." *State v. Potts*, 7th Dist. Jefferson No. 05-JE-14, 2006-Ohio-7057, ¶ 34 (finding 60(B) motion proper vehicle to move for relief from judgment where appellant asserted that he had never received a copy of the summary judgment motion and was not made aware of

---

3. Within the trial court's decision granting leave to file objections out of time, the trial court performed an analysis as to why the court was permitting the late filing. However, the trial court did not address the elements required by Civ.R. 60(B), most notably, whether or not the Holeyfields have a meritorious defense. *See GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 150 (1976). Instead, the trial court made reference to the Holeyfields having a "colorable claim," but did not analyze whether such claim would fulfill the requirements of Civ.R. 60(B).

the hearing on the motion). While this court takes no stance on the ultimate likelihood of success of the Holeyfields' motion, we nonetheless note that a Civ.R. 60(B) motion would be a proper means of arguing that the Holeyfields are entitled to relief from judgment because they relocated to Florida and never received notice that the magistrate had issued an opinion.

**{¶ 21}** Accordingly, we sustain Learning Tree's assignment of error in so much as the trial court lacked jurisdiction to convert the Holeyfields' Civ.R. 60(B) motion into one requesting leave to file late objections. However, our decision does not foreclose the possibility of the trial court ruling upon the Holeyfields' motion as originally filed according to Civ.R. 60(B).

**{¶ 22}** Judgment reversed and the cause is remanded for further proceedings.

RINGLAND, P.J., and M. POWELL, J., concur.