[Cite as *Akin v. Bushong*, 2017-Ohio-7333.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

David Akin, :

      Plaintiff-Appellee, :

                                         No. 17AP-107

v. : (M.C. No. 2016 CVI 20106)

Dennis Bushong, : (REGULAR CALENDAR)

      Defendant-Appellant. :

D E C I S I O N

Rendered on August 24, 2017

**On brief:** *David Akin*, pro se. **Argued:** *David Akin.*

**On brief:** *Dennis Bushong*, pro se.

APPEAL from the Franklin County Municipal Court

HORTON, J.

{¶ 1} Defendant-appellant, Dennis Bushong, pro se, appeals from a judgment of the Franklin County Municipal Court granting plaintiff-appellee, David Akin, pro se, damages in the amount of $1,300 plus court costs and interest. For the following reasons, we lack jurisdiction and dismiss this appeal.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On July 5, 2016, appellee filed a lawsuit in the small claims division of the Franklin County Municipal Court claiming that he hired appellant to color stain and finish a custom built-in media center made of birch/poplar wood, and that appellant's work was defective. As a result, appellee demanded $3,000, plus court costs and interest, in damages. (Compl. at 1.)

{¶ 3} The case was tried before a magistrate on September 21, 2016. On October 28, 2016, the magistrate found in favor of appellee and awarded damages of $1,300, plus costs and interest. The magistrate's decision also stated that "[a] party shall

not assign as error on appeal the court's adoption of any findings of fact or conclusion of law contained in this decision unless the party timely and specifically objects to that finding or conclusion. Civ.R. 53(D)(3)." On November 1, 2016, the trial court adopted the magistrate's decision and ordered judgment for appellee. (Jgmt. Entry at 1.)

{¶ 4} On November 18, 2016, appellant filed objections to the magistrate's decision. On January 13, 2017, the trial court filed a judgment entry that states in relevant part:

> Case called before court on objection filed by defendant. Objection was filed more than fourteen (14) days after decision of magistrate which was journalized on November 1, 2016. Also, defendant did not file transcript of hearing. Therefore, defendant's objections are denied. Magistrate's decision is affirmed.

{¶ 5} Appellant filed a notice of appeal on February 10, 2017.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Appellant assigns the following assignments of error:

> [I.] The Municipal Court erred in granting the plaintiff $1300 based on insufficient evidence and bias in allowing a second hearing for the plaintiff so that he "could be prepared."

> [II.] The Municipal Court erred in removing $1300 from the defendant's joint bank account on Feb. 1 while the case was open for appeal until Feb. 12.

> [III.] The Municipal Court erred in not informing defendant that the money would be taken out on Feb. 1.

> [IV.] The Municipal Court erred in not giving the opportunity to the defendant to have a garnishment hearing prior to removing the money.

## III. THIS COURT LACKS JURISDICTION

{¶ 7} Our review shows that appellant did not timely file his objections to the magistrate's decision pursuant to Civ.R. 53(D)(4)(e)(i), nor did he file a timely appeal pursuant to App.R. 4(A).

{¶ 8} We have addressed the same issue in *Levy v. Ivie*, 10th Dist. No. 10AP-1185, 2011-Ohio-4055. In *Levy*, at ¶ 11-12, 15-17, we stated in relevant part:

Pursuant to Civ.R. 53(D)(3)(b)(i) a party may file objections to a magistrate's decision within 14 days of the filing of the decision, "whether or not the court has adopted the decision during that fourteen-day period." * * * If no objections are timely filed, App.R. 4(A) allows a party to file a notice of appeal within 30 days after the trial court enters its judgment adopting the magistrate's decision. See also App.R. 4(B)(2).

Here, the magistrate filed her decision to dismiss the case on December 10, 2008, and the trial court adopted that decision on December 18, 2008. Appellant did not object within 14 days after the filing of the magistrate's decision, as permitted by Civ.R. 53(D)(3)(b)(i), nor did he pursue a timely appeal in accordance with App.R. 4(A). * * *

Without a timely objection to the magistrate's decision, the trial court's December 18, 2008 final judgment remained in full effect. As a result, the trial court lacked jurisdiction to rule on appellant's untimely November 9, 2009 objections in its journal entry filed on June 18, 2010. "[U]ntimely objections filed after the entry of a final judgment are tantamount to a motion for reconsideration, which is a nullity." *Murray v. Goldfinger*, 2d Dist. No. 19433, 2003-Ohio-459, ¶ 5, citing *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St. 2d 378, 379, 423 N.E.2d 1105. "Moreover, '[i]t follows that a judgment entered on a motion for reconsideration is also a nullity and a party cannot appeal from such a judgment.' " *Rutan v. Collins*, 10th Dist. No. 03AP-36, 2003-Ohio-4826, ¶ 7, quoting *Primmer v. Lipp*, 5th Dist. No. 02-CA-94, 2003 Ohio 3577, ¶ 7.

Accordingly, had the trial court purported to rule on the objection in its June 18, 2010 journal entry, any such ruling would have been a nullity and, therefore, unreviewable on appeal. *See, e.g., In re J.A.M.*, 12th Dist. No. CA2010-07-174, 2011-Ohio-668, ¶ 15 (after a final judgment has already been entered, an appellate court has no jurisdiction to review a trial court's decision purporting to "'overrule' appellant's untimely objections and re-adopt the magistrate's decision"); *Stamper v. Keatley*, 4th Dist. No. 04CA14, 2004-Ohio-5430, ¶ 9 (because the trial court had already entered a final judgment terminating the case, no appellate jurisdiction to review the trial court's second order purporting to dismiss the appellant's untimely objections). Under App.R. 4(A), appellant could have appealed within 30 days after the trial court entered its judgment on December 18, 2008. Because he did not pursue an appeal within that time, we lack jurisdiction to address his

assignment of error now. See *In re J.A.M.* at ¶ 16; *Stamper* at ¶ 9.

{¶ 9} Based on *Levy,* in this case without a timely objection having been filed to the magistrate's decision of October 28, 2016, the trial court's November 1, 2016 judgment remained in full effect. As a result, the trial court lacked jurisdiction to rule on appellant's untimely November 18, 2016 objections in its judgment entry filed January 13, 2017. Accordingly, the trial court's judgment entry of January 13, 2017, is a nullity and therefore, unreviewable on appeal. *See, e.g., In re J.A.M.*, 12th Dist. No. CA2010-07-174, 2011-Ohio-668, ¶ 15; *Stamper v. Keatley*, 4th Dist. No. 04CA14, 2004-Ohio-5430, ¶ 9. Under App.R. 4(A), appellant could have appealed within 30 days after the trial court entered its judgment on November 1, 2016. Because he did not pursue an appeal within that time, we lack jurisdiction to address his assignments of error now. *See In re J.A.M.* at ¶ 16; *Stamper* at ¶ 9.

## IV. DISPOSITION

{¶ 10} Based on the foregoing, we lack jurisdiction to hear this appeal. Accordingly, this appeal is sua sponte dismissed.

*Appeal sua sponte dismissed.*

TYACK, P.J. and BRUNNER, J., concur.

———————————