[Cite as *In re D.F.*, 2019-Ohio-3710.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of: | : | |
| D.F., III, | : | No. 18AP-811 |
| | | (C.P.C. No. 17JU-06-7422) |
| (N.D., | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant). | : | |
| In the Matter of: | : | |
| D.D., | : | No. 18AP-813 |
| | | (C.P.C. No. 17JU-06-7421) |
| (N.D., | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant). | : | |

D E C I S I O N

Rendered on September 13, 2019

**On brief:** *Yeura R. Venters*, Public Defender, and *Ian J. Jones*, for appellant.

**On brief:** *Robert J. McClaren*, for appellee Franklin County Children Services.

**On brief:** *Michelle Mumaw*, Guardian ad Litem.

APPEALS from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

SADLER, J.

{¶ 1} Defendant-appellant, N.D., appeals from judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, awarding custody of N.D.'s two minor children, D.F., III, and D.D., to plaintiff-appellee, Franklin County Children Services ("FCCS").

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant is the biological mother of D.D., born in May 2014, and D.F., born in February 2017. In June 2017, FCCS filed a dependency complaint for D.D. requesting a

permanent court commitment be granted for purpose of adoption and filed a dependency complaint for D.F. requesting a temporary order of custody to the agency.

{¶ 3}  Both cases were tried before a magistrate on August 30, 2017, and on September 6, 2017, the magistrate issued written decisions in both cases finding each child to be dependent, pursuant to R.C. 2151.04(C), and granting FCCS' requests for a permanent court commitment for D.D. and a temporary court commitment for D.F.  The same day, the trial court entered judgments adopting the magistrate's decisions and making the magistrate's decisions the judgments of the court.[1]

{¶ 4}  On October 7, 2017, appellant filed a motion for leave to file objections to the magistrate's decisions, along with her objections and a request for a transcript at the state's expense.  The motion for leave to file objections states that after the magistrate provided an oral decision at the hearing, counsel wrote appellant a letter giving her instructions to contact counsel in order to file timely objections, as counsel would be on vacation and unavailable prior to and during the deadline for objections.  According to the motion for leave to file objections, appellant left messages for counsel over Labor Day weekend; counsel's staff returned appellant's call but left appellant a message under the incorrect name because counsel's staff had written appellant's name down incorrectly.  After counsel got back, appellant told counsel that she decided to wait until counsel returned from vacation to inquire about the status of the appeal.  FCCS filed a motion to dismiss appellant's motion for leave to file late objections, arguing appellant's failure to file timely objections deprived the trial court of jurisdiction.

{¶ 5}  The trial court granted appellant's motion for leave to file objections and held a hearing on the objections.  On September 21, 2018, the trial court issued a decision addressing both cases overruling appellant's objections and approving and adopting the magistrate's June 6, 2017 decisions.  On October 19, 2018, appellant filed notices of appeal in each case from the trial court's September 21, 2018 decision and associated judgment entries.

---

[1] The judgment entries direct that "[s]hould a party file timely objections to the magistrate's decision," the order would serve as an interim order under Civ.R. 53(D)(4)(e)(ii) and Juv.R. 40(D)(4)(e)(ii), thereby not imposing the stay of execution of the order usually triggered by timely objections.  (Sept. 6, 2017 Jgmt. Entries at 1.)

## II.  ASSIGNMENTS OF ERROR

{¶ 6}  Appellant assigns the following as trial court error:

[1.]  The trial court's adjudication of dependency of D.D. and D.F. was not supported by clear and convincing evidence and was against the manifest weight of the evidence.

[2.]  Sufficient evidence was not presented to support the finding that D.D. and D.F. were dependent children.

[3.]  The trial court's permanent court commitment of D.D. to FCCS was not supported by clear and convincing evidence and was against the manifest weight of the evidence that the commitment was in D.D.'s best interest.

[4.]  Sufficient evidence was not presented to support the trial court's finding by a preponderance of the evidence that temporary court commitment of D.F. to FCCS was in D.F.'s best interest.

## III.  LEGAL ANALYSIS

{¶ 7}  As a preliminary issue, FCCS contends this court lacks jurisdiction to hear these appeals.  For the following reasons, we agree.

{¶ 8}  Pursuant to Civ.R. 53(D)(3)(b)(i) and Juv.R. 40(D)(3)(b)(i), a party may file objections to a magistrate's decision within 14 days of the filing of the decision, "whether or not the court has adopted the decision during that fourteen-day period."  A "reasonable" extension of time to file objections to a magistrate's decision beyond the 14-day deadline is permitted "[f]or good cause shown."  Civ.R. 53(D)(5) and Juv.R. 40(D)(5).  "Good cause" includes, but is not limited to, a failure by the clerk to timely serve the party seeking the extension with the magistrate's order or decision.  Civ.R. 53(D)(5) and Juv.R. 40(D)(5). The timely filing of objections to the magistrate's decision operates as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered.  Civ.R. 53(D)(4)(e)(i) and Juv.R. 40(D)(4)(e)(i).  Furthermore, where no objections are timely filed, App.R. 4(A) still "allows a party to file a notice of appeal within 30 days after the trial court enters its judgment adopting the magistrate's decision."  *Levy v. Ivie*, 195 Ohio App.3d 251, 2011-Ohio-4055, ¶ 11 (10th Dist.).  *See also* App.R. 4(B)(2).

{¶ 9}    In *Levy*, we found the trial court lacked jurisdiction to rule on the appellant's untimely filed objections where the trial court had already adopted and entered judgment on the magistrate's decision and that any attempt to later rule on the untimely objections is a "nullity." *Id.* at ¶ 16.    Furthermore, we noted that the appellant could have appealed the trial court's judgment adopting the magistrate's decision but failed to do so within the time parameters of App.R. 4(A).    Therefore, we found we lacked jurisdiction and dismissed the appeal.    In *Akin v. Bushong*, 10th Dist. No. 17AP-107, 2017-Ohio-7333, ¶ 7-9, we followed *Levy* to sua sponte dismiss an appeal where the trial court entered judgment on the magistrate's decision within the 14-day time to file objections, and the appellant neither filed timely objections nor appealed the initial trial court judgment entry on the magistrate's decision.

{¶ 10} In this case, it is undisputed that the trial court adopted and entered judgments on the magistrate's decisions on September 6, 2017, within the 14-day window appellant had to object to the magistrate's decision under Civ.R. 53(D)(3)(b)(i) and Juv.R. 40(D)(3)(b)(i).    Similar to *Levy* and *Akin*, appellant did not appeal the trial court's September 6 judgments and then waited until October 7, 2017 to seek leave to object to the magistrate's decisions—well past the 14-day deadline to file objections and past the deadline to file appeals with this court as well.    Appellant ultimately filed appeals from the trial court's September 21, 2018 judgments, which considered and overruled her untimely filed objections.

{¶ 11} Appellant, in reply to appellee's argument regarding jurisdiction, points to Tenth District Court of Appeals cases which recognize, in certain circumstances, the discretion of a trial court to consider untimely objections to magistrate decisions.    Having reviewed these cases, we find them distinguishable from the case at hand and therefore not grounds to deviate from the reasoning of *Levy* and *Akin*.    Specifically, *Ramsey v. Ramsey*, 10th Dist. No. 13AP-840, 2014-Ohio-1921, ¶ 20, and *Wiltz v. Accountancy Bd. of Ohio*, 10th Dist. No. 16AP-169, 2016-Ohio-8345, ¶ 22, found the trial court had discretion to review untimely objections to the magistrate's decision *before it entered final judgment*.    As previously stated, it is undisputed in this case that the trial court entered judgments adopting the magistrate's decisions prior to appellant filing the untimely objections.

{¶ 12} Likewise, *Blevins v. Blevins*, 10th Dist. No. 14AP-175, 2014-Ohio-3933, ¶ 18, and *Watley v. Dept. of Rehab. & Corr.*, 10th Dist. No. 06AP-1128, 2007-Ohio-1841, ¶ 10,

dealt with good cause under Civ.R. 53(D)(5) "in the unusual circumstance" where the record shows the clerk did not serve the magistrate's decisions to allow for the timely filing of objections. Here, there was no failure of service on the part of the clerk. Moreover, appellant's stated reasons for filing untimely objections—a communication issue with her counsel prior to her counsel going on vacation and appellant's choice to wait for her counsel to return to inquire about the status of her appeal—do not rise to the level of good cause to deviate from *Levy* and *Akin*. *See also Roberts v. Skaggs*, 176 Ohio App.3d 251, 2008-Ohio-1954, ¶ 23 (1st Dist.) (noting the availability of Civ.R. 53(D)(5) to correct due process deficiencies).

{¶ 13} Finally, we note and find persuasive the opinions of other districts that considered similar issues involving untimely objections to magistrate's decisions and have determined, in line with *Levy* and *Akin*, that a trial court lacks jurisdiction to review untimely objections if the trial court already entered judgment on the magistrate's decision. *See*, *e.g.*, *Olson v. Olson*, 7th Dist. No. 15 CO 2, 2015-Ohio-5550, ¶ 37; *J.B. v. R.B.*, 9th Dist. No. 14CA0044-M, 2015-Ohio-3808, ¶ 8; *Hasch v. Hasch*, 11th Dist. No. 2007-L-127, 2008-Ohio-1689, ¶ 22-23; *Learning Tree Academy, Ltd. v. Holeyfield*, 12th Dist. No. CA2013-10-194, 2014-Ohio-2006, ¶ 16-18.

{¶ 14} Considering all the above, we find the reasoning of *Levy* and *Akin* applies in this case. Therefore, consistent with *Levy* and *Akin*, appellant's failure to file timely objections caused the September 6, 2017 final judgments of the trial court to remain in full effect and the trial court's later judgment on the untimely objections to be a nullity which is "unreviewable on appeal." *Akin* at ¶ 9. Because appellant did not appeal from the trial court's September 6, 2017 judgments within the time parameters of App.R. 4(A), we lack jurisdiction and these appeals should be dismissed. *Levy* at ¶ 16.

## IV. CONCLUSION

{¶ 15} Based on the foregoing, we lack jurisdiction to hear these appeals. Accordingly, these appeals are dismissed.

*Appeals dismissed.*

BEATTY BLUNT, J., concurs
BRUNNER, J., dissents.

BRUNNER, J., dissenting.

{¶ 16} FCCS in response to N.D.'s appeals has raised a challenge to this Court's jurisdiction, with which the majority agrees. FCCS argues that, because the domestic and juvenile court adopted the magistrate's decisions the same day they were filed and the mother of the two children who are the subject of these two cases, N.D., delayed objecting or appealing until one day after the 30 days after the domestic and juvenile court adopted the magistrate's decisions, we lack jurisdiction to hear N.D.'s appeals. I respectfully disagree on this point.

{¶ 17} I would find that this Court does have jurisdiction to hear N.D.'s appeals, according to the procedural issues related to Civ.R. 53. I would find that the domestic and juvenile court acted within its discretion when it permitted the late filing of objections to the magistrate's decisions. While the domestic and juvenile court's reason that the objections were "timely" is a misnomer and does not constitute a sufficient basis in this instance for considering N.D.'s objections, Civ.R. 53(D)(5) permits the domestic and juvenile court to permit the late filing of objections "for good cause shown," which is ultimately what the record shows the domestic and juvenile court decided to do.

{¶ 18} The late-filed objections were accompanied by a motion for leave to file them will a full explanation of why the objections were late. Moreover, they were filed on the cusp of the 31st day, just one hour and eight minutes past the midnight electronic filing deadline following the domestic and juvenile court's orders adopting the magistrate's decisions. And no appeal had been filed at this point.

{¶ 19} Civ.R. 53(D)(4)(c) provides that, in the event that no timely objections to a magistrate's decision are filed, the court "may" adopt it. The domestic and juvenile court was not required to adopt the magistrate's decisions, since Civ.R. 53(D)(4) provides that no magistrate's decision is ever effective unless adopted by the court. Civ.R. 53(D)(4)(a). While it did so on the same day (and at the very same time) they were filed, Civ.R. 53 is clear that an order of reference does not divest the trial court of control over the referred case.

{¶ 20} To illustrate: Civ.R. 53(D)(4)(b) provides that, after the filing of a magistrate's decision, a court may, "whether or not objections are timely filed," "adopt or reject a magistrate's decision in whole or in part, with or without modification[,] * * * hear a previously-referred matter, take additional evidence, or return a matter to a magistrate."

*Id.* Viewing Civ.R. 53 en toto, the domestic and juvenile court did not lack jurisdiction to consider N.D.'s objections when the record indicates good cause was shown for their late filing. Also, Civ.R. 60(B) permits relief from judgment at the discretion of the trial court within a reasonable time and in certain cases up to one year after judgment.

{¶ 21} In reaching this conclusion on jurisdiction, I would distinguish a line of cases wherein we have found that when no timely objection is made to a decision adopting a magistrate's decision, that decision becomes final.[2]  This is because N.D.'s counsel filed her motion for leave to file late objections under Civ.R. 53, stating grounds that could support good cause for extending the time to file them, and the domestic and juvenile court granted counsel's motion before any appeal was filed.  Our decision unfortunately extends a line of cases that operate in their analysis to deprive the trial court of discretion provided under Civ.R. 53, especially in cases involving matters considered to be socially and civilly critical, such as the permanent custody of a child.  As explained, I would find that the domestic and juvenile court did not lack jurisdiction in considering N.D.'s objections or that we lack jurisdiction to hear these appeals.

{¶ 22} One further point—even though Civ.R. 53 permits a trial court to adopt a magistrate's decision before the 14-day period to file objections has expired, no court can adopt a magistrate's decision without at least determining "that there is an error of law or other defect evident on the face of the magistrate's decision."  Civ.R. 53(D)(4)(c).

{¶ 23} The record shows that the domestic and juvenile court's decisions in these two consolidated cases involving D.D. and D.F. were adopted and entered simultaneously with the filing of the magistrate's decisions.[3]  As such, it seems incredible that Civ.R.

---

[2] *See Akin v. Bushong*, 10th Dist. No. 17AP-107, 2017-Ohio-7333, ¶ 8, quoting *Levy v. Ivie*, 195 Ohio App.3d 251, 2011-Ohio-4055, ¶ 11-16 (10th Dist.).  "Untimely objections filed after the entry of a final judgment are tantamount to a motion for reconsideration, which is a nullity.  Moreover, it follows that a judgment entered on a motion for reconsideration is also a nullity and a party cannot appeal from such a judgment." (Internal quotation marks, brackets, and citations omitted.) *Akin* at ¶ 8, quoting *Levy* at ¶ 15; *Murray v. Goldfinger*, 2d Dist. No. 19433, 2003-Ohio-459, ¶ 5; *Rutan v. Collins*, 10th Dist. No. 03AP-36, 2003-Ohio-4826, ¶ 7; *Primmer v. Lipp*, 5th Dist. No. 02-CA-94, 2003-Ohio-3577, ¶ 7, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981).  Furthermore, caselaw makes clear that even the right to due process in a permanent child custody case is not sufficient to overcome the jurisdictional barrier created by the 30-day appellate deadline imposed by App.R. 4.  *In re C.J.*, 10th Dist. No. 16AP-891, 2018-Ohio-931, ¶ 65-79; *In re K.J.*, 10th Dist. No. 15AP-21, 2015-Ohio-2244, in passim; *see also In re B.C.*, 141 Ohio St.3d 55, 2014-Ohio-4558, syllabus; *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, syllabus.

[3] The September 6, 2017 magistrate's decisions and the judgment entries signed by the judge were both filed at 9:48 a.m. in each PCC case.  Perhaps the judge reviewed the magistrate's decisions before they were filed by the magistrate, but we have no assurance of that because of the simultaneous filing of both.  This certainly hurts public perception of the courts.  This issue was not raised on appeal and because it is possible that the

53(D)(4)(c) as quoted above could have been fulfilled to the extent contemplated by the rule or expected by the public.

{¶ 24} The administrative efficiency of adopting a magistrate's decision before the filing of objections cannot be denied, but the process cannot be "rocket-docketed" to the point that meaningful review is denied or even appears to have been denied. A great number of matters in the domestic and juvenile division of the common pleas court are litigated pro se. A vast proportion of hearings in the domestic and juvenile division are presided over by magistrates subject to orders of reference pursuant to Civ.R. 53.

{¶ 25} It is more than conceivable that an unrepresented litigant could view the simultaneous adoption of a magistrate's decision by the trial court, or one adopted so quickly before the 14-day objection period expires, to have cut off that right of objection no matter how bold the language is in the magistrate's decision about the filing of objections to it. I raise this matter as a caution of great concern, especially when matters involving the permanent custody of children—matters of constitutional import—are involved.

{¶ 26} Because I would find that the trial court, and we, respectively did and do have jurisdiction, I would proceed to find no error in the domestic and juvenile court's conclusions that D.D. and D.F. were dependent children and that D.D. and D.F. should be committed (permanently and temporarily, respectively) to the custody of FCCS pursuant to the terms of R.C. Chapter 2151.

{¶ 27} Thus, I would affirm the decisions of the domestic and juvenile court. Because the majority holds otherwise on the jurisdictional question, I will not belabor this dissenting opinion with the required, specific findings needed under R.C. Chapter 2151. For all intents and purposes, I would end up at the same practical place the majority has in having denied jurisdiction—but the mother of the children, her counsel, the public, and, eventually, D.D. and D.F. would have the benefit of appellate review of the specific issues involved and a better understanding of why the children are being raised by someone other than their birth mother.

{¶ 28} Also important, litigants in the PCC context of domestic and juvenile jurisprudence would have the benefit of knowing that courts in Franklin County operate

---

trial judge reviewed the magistrate's decisions before it was filed, I would not move to a consideration of plain error.

fully within the mandates of Civ.R. 53.  These litigants and the public would be assured that a trial court judge with full discretionary powers as is constitutionally and legally provided, and not a magistrate who is an appointed employee of the court, would remain firmly in control of their litigation.  These litigants and the public would be further assured that their rights to be heard are not subsumed by procedures of convenience such as occurred here with the simultaneous filing of the magistrate's and the judge's decisions adopting them, which can only be described as, at best, complying with the letter of the rules of civil procedure and constitutional rights of due process but certainly not with their spirit.

_____