[Cite as *Jackson v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-3901.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Clifford Jackson, III, | : | |
| Plaintiff-Appellant, | : | No. 21AP-96 |
| | | (Ct. of Cl. No. 2019-0845JD) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Rehabilitation and Correction, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 2, 2021

**On brief:** *Clifford Jackson, III*, pro se.

**On brief:** *Dave Yost,* Attorney General, *Samantha J. Scherger,* and *Jeanna Jacobus*, for appellee.

APPEAL from the Court of Claims of Ohio

JAMISON, J.

{¶ 1} Plaintiff-appellant, Clifford Jackson, III, appeals from a judgment of the Court of Claims of Ohio in favor of defendant-appellee, Ohio Department of Rehabilitation and Corrections ("ODRC"). For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 29, 2019, appellant, an inmate at ODRC's Southern Ohio Correctional Facility ("SOCF"), filed a complaint against ODRC alleging claims for medical negligence, assault and battery, and negligent infliction of emotional distress. Appellant's claims arise out of an alleged assault by three SOCF correctional officers and allegedly substandard medical care provided to appellant thereafter.

{¶ 3} On November 27, 2019, the Court of Claims determined that appellant's challenge to a decision of ODRC's Rules Infraction Board and his claim of negligent infliction of emotional distress failed to state a claim upon which relief may be granted, and the Court of Claims dismissed those claims. The November 27, 2019 judgment is not the subject of this appeal.

{¶ 4} The case then proceeded to trial on appellant's claims arising out of the alleged use of excessive force by correctional officers and the quality of subsequent medical treatment provided to appellant for his injuries. A magistrate of the Court of Claims conducted a bench trial on November 5, 2020. On January 6, 2021, the magistrate issued a decision recommending judgment for ODRC. The Court of Claims adopted the magistrate's decision as its own and issued judgment for ODRC on January 25, 2021. The Court of Claims noted that appellant had not filed an objection to the magistrate's decision.

{¶ 5} Appellant filed objections to the magistrate's decision on January 28, 2021. On February 5, 2021, appellant filed an "Affidavit; in Place of 'Transcript' " wherein he claims that he was moved to the isolation unit at SOCF on January 8, 2021, when he tested positive for COVID-19, and that he did not receive a copy of the magistrate's decision until January 12, 2021. On February 8, 2021, the Court of Claims issued an entry overruling appellant's untimely filed objections as moot. The Court of Claims noted that appellant's objections were due in the Court of Claims on or before January 22, 2021.

{¶ 6} Appellant filed a notice of appeal to this court on February 22, 2021. Appellant's notice of appeal designates a January 29, 2021 judgment of the Court of Claims as the judgment from which the appeal has been taken. The Court of Claims, however, did not issue a judgment on January 29, 2021. As previously stated, the Court of Claims issued a judgment adopting the magistrate's decision on January 25, 2021, and then issued a judgment on February 8, 2021 overruling appellant's objection to the magistrate's decision as moot. Because appellant's assignments of error related to the judgment issued January 25, 2021, we shall review the January 25, 2021 judgment in this appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 7} Appellant assigns the following as trial court error:

**Assignment of Error 1.**
**Whether that a finding or conclusion was "unsupported" by the evidence and contrary to the weight of the evidence.**

**Assignment of Error 2.**
**Whether trial court committed "abuse of discretion" by not admitting into evidence of prior bad acts of witnesses of defendant's at trial of character evidence.**

**Assignment of Error 3.**
**Whether the judgment or final offer rendered by the trial court is again the manifest weight of the evidence.**

**Assignment of Error 4.**
**Whether trial court findings of fact applied the law properly to the facts found.**

**Assignment of Error 5.**
**Whether the trial court evolution of evidence and assessment of credibility were applied the law properly.**

**Assignment of Error 6.**
**Whether the appellant met his burden of proof at trial.**

**Assignment of Error 7.**
**Whether the fact finder of fact clearly lost its way and created such a manifest miscarriage of justice in weighing the evidence.**

**Assignment of Error 8.**
**Whether the trial courts adoption of magistrate's decision and recommendation is contrary to the weight of evidence in the record.**

**Assignment of Error 9.**
**Whether trial court erred by not placing appellants 'objections' to the magistrate's recommendation and decision. Appellant mailed his objection to the magistrate's decision on 1/13/2021, Appellant sent Asst Att Gen Samantha J. Scherger a copy of my objections with a certificate of service.**

> **Assignment of Error 10.**
> **Whether appellant proved his case by a preponderance of the evidence presented at trial.**

(Sic passim.)

## III. LEGAL ANALYSIS

### A. Ninth Assignment of Error

{¶ 8} Because we find that our ruling on appellant's ninth assignment of error disposes of appellant's remaining assignments of error, we shall consider it first. In appellant's ninth assignment of error, appellant contends that the Court of Claims erred when it failed to consider his objections to the magistrate's decision and entered judgment for ODRC. We disagree.

{¶ 9} The analysis of appellant's ninth assignment of error is governed by the provisions of Civ.R. 53 pertaining to magistrates. Civ.R. 53(D)(3)(b) entitled "Objections to magistrate's decision," provides in relevant part as follows:

> Time for filing.
>
> A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i).
>
> * * *
>
> Action of court on magistrate's decision and on any objections to magistrate's decision; Entry of judgment or interim order by court. * * *
>
> Action on magistrate's decision.
>
> Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate.

{¶ 10} Here, the magistrate issued a decision on January 6, 2021 recommending judgment in favor of defendant as to each of appellant's pending claims for relief. The docket of the Court of Claims evidences service of the judgment on appellant by regular mail on January 6, 2021. On January 25, 2021, the Court of Claims adopted the

magistrate's decision as its own and entered a final judgment for ODRC. Civ.R. 53(D)(4)(b). Pursuant to Civ.R. 53(D)(4)(c), the Court of Claims determined that "there is no error of law or other defect evident on the face of the magistrate's decision." (Jan. 25, 2021 Jgmt. Entry at 1.)

{¶ 11} Appellant filed objections to the magistrate's decision in the Court of Claims on January 28, 2021. Appellant did not move the Court of Claims for leave to file his objections out of rule. Thus, the docket of the Court of Claims shows that appellant failed to timely file objections to the magistrate's January 6, 2021 decision. Civ.R. 53(D)(3)(b)(i). The Court of Claims overruled appellant's untimely objections as moot on February 8, 2021, noting that appellant had received a brief extension of time "because the court was closed for the presidential inauguration." (Feb. 8, 2021 Entry at 1.)

{¶ 12} Appellant argues that the Court of Claims erred when it determined that his objections were untimely filed. Appellant claims that pursuant to the prison mailbox rule, the Court of Claims should have deemed his objections filed on the date they were posted. Appellant maintains that pursuant to the prison mailbox rule, his compliance with the 14-day requirement in Civ.R. 53(D)(3)(b)(i) occurred when he timely delivered his objections to the prison mailroom. We disagree.

{¶ 13} The United States Supreme Court recognized the prison mailbox rule in *Houston v. Lack*, 487 U.S. 266 (1988). In *Houston,* the court held that for purposes of a federal statute and Appellate Rule, a pro se prisoner's notice of appeal should be deemed filed when he delivers it to prison authorities for forwarding to the district court. *Id.* at 270. The court reasoned that a prison mailbox rule was necessary in order to accommodate the unique circumstances pro se prisoners face in having to entrust the forwarding of their filings to prison authorities and being unable to guard against any delays caused by prison officials in transmitting their filings to the relevant court. *Id.* at 271. The rule of law in *Houston* excludes from the time to file a notice of appeal any time lost to delays caused by prison authorities in transmitting the pro se prisoner's notice of appeal to the district court. *Id.*

{¶ 14} Appellant has not cited any Ohio authority applying the *Houston* rule in determining the timeliness of a notice of appeal or an objection to a magistrate's decision. Moreover, the Supreme Court of Ohio rejected the prison mailbox rule in *State ex rel. Tyler*

*v. Alexander*, 52 Ohio St.3d 84 (1990). In *Tyler*, the Supreme Court considered whether a notice of appeal delivered to prison authorities for mailing should be deemed filed with the court under S.Ct.Prac.R. I(1)(A), which requires notices of appeal to be "filed in the court from which the case is appealed." The *Tyler* court specifically "reject[ed] appellant's suggestion that filed in the court from which the case is appealed really means delivered to the prison mail room." (Internal citations omitted.) *Tyler* at ¶ 85.

{¶ 15} Because the prison mailbox rule has not been adopted in Ohio, we find that appellant's argument based on the *Houston* decision is without merit and that appellant's objections to the magistrate's decision were untimely filed on January 28, 2021.

{¶ 16} Even though the prison mailbox rule does not apply in Ohio, this court has previously acknowledged that a trial court, prior to entering final judgment, has broad discretion in ruling on objections filed outside the time limits set forth in Civ.R. 53. *Theodore v. Theodore*, 10th Dist. No. 14AP-718, 2015-Ohio-2657, ¶ 16. In *Wiltz v. Accountancy Bd. of Ohio,* 10th Dist. No. 16AP-169, 2016-Ohio-8345, this court examined the relevant case law and concluded as follows:

> "A court is not required to address untimely objections." *Ramsey v. Ramsey*, 10th Dist. No. 13AP-840, 2014-Ohio-1921, ¶ 20, citing *Tomety v. Dynamic Auto Serv.*, 10th Dist. No. 09AP-982, 2010-Ohio-3699, ¶ 13. If a party fails to file written objections within the requisite 14 days, *but files objections after the expiration of the 14-day period and before the court entering final judgment*, the court may consider the objections sua sponte and such consideration will be construed as the granting of leave to file late objections pursuant to Civ.R. 6(B). *Id.* Civ.R. 6(B) permits a court, for cause shown and pursuant to certain conditions, "at any time in its discretion" to order the extension or enlargement of a period of time an act is required or allowed to be done.

(Emphasis added.) *Wiltz* at ¶ 22.

{¶ 17} This court has also made it clear that after the trial court issues a final judgment on a magistrate's decision, the trial court lacks jurisdiction to consider untimely filed objections. *Levy v. Ivie*, 195 Ohio App.3d 251, 2011-Ohio-4055 (10th Dist.). In *Levy*, this court held the trial court lacked jurisdiction to rule on the appellant's untimely filed objections where the trial court had already adopted and entered judgment on the magistrate's decision, and any attempt to later rule on the untimely objections was "nullity."

*Id.* at ¶ 16.  *See also In re Matter of D.F.*, 10th Dist. No. 18AP-811, 2019-Ohio-3710, ¶ 11 (refusing to apply *Ramsey* and *Wiltz,* where the untimely objections were filed after the trial court entered judgment on the magistrate's decision).  Here, the trial court entered a final judgment in the case on January 25, 2021 more than 14-days after the magistrate issued his decision.  Appellant did not file his objections to the magistrate's decision until January 28, 2021.  Thus, the trial court was without jurisdiction to consider appellant's untimely filed objections.  *Levy* at ¶ 16*; Matter of D.F.* at ¶ 9.[1]

{¶ 18}  Based on the foregoing, we hold that the Court of Claims did not err when it adopted the magistrate's decision, entered judgment for ODRC, and overruled appellant's untimely filed objections as moot.  Accordingly, we overrule appellant's ninth assignment of error.

### B.  Appellant's Remaining Assignments of Error.

{¶ 19}  In his remaining assignments of error, appellant argues the Court of Claims erred when it entered judgment on the magistrate's decision because the magistrate made erroneous factual findings and drew mistaken legal conclusions in recommending judgment for ODRC.  We find that appellant failed to preserve his remaining assignments of error through timely filed objections to the magistrate's decision and he has waived these assignments of error for purposes of appeal.

{¶ 20}  "The standard of review on appeal from a trial court judgment that adopts a magistrate's decision varies with the nature of the issues that were (1) *preserved for review through objections before the trial court* and (2) raised on appeal by assignment of error." (Emphasis added.)  *In re Guardianship of Schwarzbach*, 10th Dist. No. 16AP-670, 2017-Ohio-7299, ¶ 14.  Civ.R. 53(D)(3) provides in relevant part as follows:

> Waiver of right to assign adoption by court as error on appeal.
>
> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

---

[1] Appellant did not move the Court of Claims, pursuant to Civ.R. 60(B), for relief from the January 25, 2021 judgment.

{¶ 21} In harmony with the plain language of the rule, this court has determined that " 'a party is barred from raising any error on appeal connected with the trial court's adoption of a magistrate's finding of fact or conclusion of law unless that party timely objected to that decision.' " *Theodore* at ¶ 5, quoting Countrywide *Home Loans, Inc. v. Caldero*, 8th Dist. No. 92381, 2009-Ohio-4999, ¶ 8. Because we have determined that the Court of Claims did not err when it refused to consider appellant's untimely filed objections, we find that appellant has waived all but plain error with respect to the adoption of the magistrate's factual findings and legal conclusion. *Theodore* at ¶ 5. *See also Triplett v. Warren Corr. Inst.*, 10th Dist. No. 12AP-728, 2013-Ohio-2743, ¶ 15.

{¶ 22} " 'In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself.' " *Triplett* at ¶ 15, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, (1997), syllabus. Appellant's assignments of error in this case do not allege plain error. Nor does appellant's merit brief advance any arguments regarding plain error on appeal. Our review of the record reveals no error on the part of the Court of Claims that seriously affected basic fairness, integrity, or public reputation of the judicial process.

{¶ 23} For the foregoing reasons appellant's first, second, third, fourth, fifth, sixth, seventh, eighth, ninth and tenth assignments of error are overruled.

## IV. CONCLUSION

{¶ 24} Having overruled appellant's ten assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

_____